Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND and McLAUGHLIN, JJ. Dissenting: CRANE and ANDREWS, JJ., on ground that the word "war" in the exception of the policy because of its association, means war in which the insured participates as a belligerent.

---

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HARLEY S. FOSGATE, Appellant.

*Crimes — grand larceny in second degree — judgment of conviction affirmed.*

People v. *Fosgate,* 197 App. Div. 917, affirmed.

(Argued January 12, 1923; decided January 30, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered May 26, 1921, which affirmed a judgment of the Chenango County Court rendered upon a verdict convicting the defendant of the crime of grand larceny in the second degree.

*Edmund B. Jenks* and *Joel J. Bixby* for appellant.

*Ward N. Truesdell, District Attorney,* for respondent.

Judgment affirmed; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

JENNIE SHERLOCK, Appellant, v. THE STATE OF NEW YORK, Respondent.

*State — loss through failure of bank — allegation that loss was occasioned through negligence on part of officials of state banking department — when no legal liability exists claimant cannot recover in absence of recognition by legislature of a moral liability of state.*

*Sherlock* v. *State,* 202 App. Div. 771, affirmed.

(Argued January 15, 1923; decided January 30, 1923.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered July 12, 1922, which unanimously affirmed a judgment of the Court of Claims dismissing the claimant's claim. The claimant alleged that she was a depositor in the Union Bank of Brooklyn; that the bank

was a domestic corporation; that it was subject to supervision, examination and control by the state banking department; that the bank became insolvent; that through such insolvency claimant lost the moneys deposited by her; that the directors of said bank were guilty of neglect of duty, wrongful acts and crimes set forth in detail; that the officials of the state banking department participated in or were privy to the commission of many of such wrongful acts; that these officials were themselves guilty of neglect of duty and positive wrong in connection with the examination and supervision of the bank; that they published statements concerning the solvency of the bank which were false and known to them to be false; and that the various omissions and wrongs committed by the officers of the bank and by the officials of the state banking department were the cause of the losses occasioned claimant. The Appellate Division held that no legal claim existed against the state and that the enabling act (L. 1919, ch. 418) did not acknowledge a moral obligation upon the theory of honor or justice.

*Ralph E. Hemstreet, John Woodward, Max D. Steuer, Thomas A. Shaw* and *Louis Goldstein* for appellant.

*Carl Sherman, Attorney-General (James Gibson* of counsel), for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN and ANDREWS, JJ. Not voting: CRANE, J.

---

WILLIAM L. ACKLEY, Respondent, *v.* JAMES H. ELLIOTT et al., Appellants.

*Contract — provision in deed of standing timber that grantees were not to return upon land once cut over and cleaned up — where grantees have cut and removed soft wood they are properly restrained from re-entering to cut hard wood remaining.*

*Ackley* v. *Elliott,* 198 App. Div. 965, affirmed.

(Argued January 15, 1923; decided January 30, 1923.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department,