EDGAR C. FARRINGTON, Respondent, *v.* THE STATE OF NEW YORK, Appellant.

Constitutional law — State — statute authorizing Court of Claims to make award to illegally dismissed State employee for his expense in obtaining reinstatement, constitutional.

Chapter 716 of the Laws of 1927, authorizing the Court of Claims, if it find that plaintiff herein was illegally discharged from his position in the office of the State Comptroller and reinstated by legal proceedings, to make an award and render judgment against the State for his counsel fees, expenses and disbursements incurred in securing such reinstatement, is constitutional. It was well within the power of the Legislature to declare that the State was morally obligated to make

requital for the financial loss occasioned claimant by his illegal discharge. (*Matter of Chapman* v. *City of New York*, 168 N. Y. 80; *Matter of Jensen*, 44 App. Div. 509, distinguished.)

*Farrington* v. *State*, Ct. of Cl. Feb. 7, 1928, affirmed.

(Argued March 30, 1928; decided May 1, 1928.)

APPEAL from a judgment of the Court of Claims, entered February 7, 1928, awarding to claimant the amount of a claim filed pursuant to chapter 717 of the Laws of 1927, the constitutionality of which statute is the only question presented on appeal.

*Albert Ottinger, Attorney-General (Frederick D. Colson* of counsel), for appellant. The claim herein does not constitute either a legal claim or a moral obligation against the State of New York. (*People* v. *Westchester County Nat. Bank*, 231 N. Y. 465; *Munro* v. *State*, 223 N. Y. 208; *Matter of Borup*, 182 N. Y. 222; *Trustees Exempt Firemen's Benev. Fund* v. *Roome*, 93 N. Y. 313; *Matter of Chapman* v. *City of New York*, 168 N. Y. 80; *Matter of Jensen*, 28 Misc. Rep. 379; 44 App. Div. 509; *Schieffelin* v. *Henry*, 123 Misc. Rep. 792; 215 App. Div. 706; 242 N. Y. 581.) The enabling act under which the claim herein is filed, namely, chapter 716 of the Laws of 1927, is unconstitutional. (*Munro* v. *State*, 223 N. Y. 208; *Lehigh Valley R. R. Co.* v. *Canal Board*, 204 N. Y. 471; *People* v. *Westchester County Nat. Bank*, 231 N. Y. 465.)

*Glenn A. Frank* for respondent. Chapter 716 of the Laws of 1927 is constitutional. (*People* v. *Westchester County Nat. Bank*, 231 N. Y. 465; *Williamsburg Savings Bank* v. *State*, 243 N. Y. 241; *Carr* v. *State*, 231 N. Y. 464; *Roberts* v. *State*, 160 N. Y. 217; *Babcock* v. *State*, 190 App. Div. 159; 231 N. Y. 560.)

KELLOGG, J. The claimant was one of five persons who held positions as detective agents in the office of the

· 8

**114**          FARRINGTON *v.* STATE.

Comptroller of the State. The positions were in the competitive class of the civil service. In the year 1923 the Legislature appropriated moneys to pay for the services of not more than three of such agents. It, therefore, became necessary for the Comptroller to abolish two of the positions. It was then the law that, whenever a position in the competitive class of the civil service was abolished, the occupant should be suspended without pay; and that such suspension should be made in the inverse order of the original appointments to the service. (Civil Service Law [Cons. Laws, ch. 7], sec. 22-a, added by ch. 836, Laws of 1920; amended by ch. 875, Laws of 1923, and repealed by ch. 685, sec. 4, Laws of 1926.) Of the five detective agents, the claimant was the third in order of appointment. Nevertheless, the Comptroller notified the claimant that his position was abolished and that his services were no longer required. Thereafter the claimant instituted mandamus proceedings and procured his reinstatement, as well as all arrears of salary owing him for the period of his apparent suspension. For counsel fees and disbursements in the legal proceedings made necessary by the unlawful act of the Comptroller the claimant expended the sum of $1,055. Thereafter the Legislature passed an act conferring jurisdiction upon the Court of Claims to hear and determine claimant's claim to recover the moneys thus expended. (Laws of 1927, ch. 716.) The act provided that " if the court shall find that the said Edgar C. Farrington was lawfully appointed to and held the position of detective agent in the office of the Comptroller of the State of New York, and was illegally dismissed or removed from that position to which he was reinstated by an action at law, the State of New York shall be deemed liable for his counsel fees, expenses and disbursements made and incurred in securing such reinstatement " and that, in such event, " the court shall make an award and render judgment against the State of New York, and in favor of the said Edgar C. Farrington,

for the counsel fees, expenses and disbursements made and incurred in securing such reinstatement and unpaid salary." The Court of Claims subsequently heard the claim, found the facts to have been as stated in the act, determined that the claimant's reasonable expenses had been the sum of $1,055, and made an award to claimant for that amount.

The Legislature may not sanction a mere gift of public moneys for private purposes. (Const. art. VIII, sec. 9; *Lehigh Valley R. R. Co.* v. *Canal Board,* 204 N. Y. 471; *People* v. *Westchester County National Bank,* 231 N. Y. 465.) Nevertheless, it may, in certain instances, acknowledge the justice of a private claim against the State, and provide for its audit and allowance by the Court of Claims. (*Cole* v. *State,* 102 N. Y. 48; *O'Hara* v. *State,* 112 N. Y. 146; *Munro* v. *State,* 223 N. Y. 208.) If it act with power in reference to a particular claim, the propriety of its action is not subject to court review. (*Sherlock* v. *State,* 198 App. Div. 494; affd., 235 N. Y. 515; *Williamsburgh Savings Bank* v. *State,* 243 N. Y. 231.) However, it may not, under the cloak of recognizing and satisfying a debt of honor, in fact bestow a charity. Preliminarily, therefore, in the case of every enactment sanctioning the allowance of a private claim, there arises a question of legislative power which must be determined by the courts. It must appear to the judicial mind and conscience that the particular claim belongs to a class concerning which the Legislature, in the exercise of a wide discretion, might reasonably say that they are founded in equity and justice and involve a moral obligation on the part of the State which it should satisfy. Otherwise, the enactment is an unconstitutional exercise of legislative power. (*Lehigh Valley R. R. Co.* v. *Canal Board, supra;* *Babcock* v. *State,* 190 App. Div. 147; affd., 231 N. Y. 560.) In the light of these principles, which have become legal commonplaces, was the enactment in question a constitutional act?

Instances in which enactments, authorizing the allowance of private claims, have been held to be constitutional, since it might reasonably be said that the sanctioned claims involved moral obligations, have been subject to classification under two heads. The first are claims involving benefits conferred by private persons upon the State which the State has continued to enjoy without the return of a *quid quo pro.* The second are claims involving injuries and damages wrongfully inflicted upon individuals by those in the State service or others for whose acts the State might justly be regarded as responsible. (*People* v. *Westchester County National Bank, supra.*) Our claim, if belonging to either class, falls under the second head. It is grounded upon a legal wrong inflicted by one of the chief officers of the State upon the claimant, a public servant of the State. It is not material that the wrong did not involve the infliction of physical violence. It is not material that the damage inflicted might not have been recoverable in a suit at law against an employer occupying a similar relation to the parties as did the State. Special enactments authorizing the allowance of private claims against the State are not required for the purpose of removing the State's immunity from suit. The provisions of section 264 of the Code of Civil Procedure, now incorporated within the provisions of section 12 of the Court of Claims Act, long ago established a universal waiver of such immunity, in all cases prosecuted before the Court of Claims. (*Quayle* v. *State,* 192 N. Y. 47; *People ex rel. Swift* v. *Luce,* 204 N. Y. 478.) All claims presenting a question of legal liability were thereby rendered cognizable and enforcible. (Same cases.) It is only in instances where the principle of liability sought to be enforced is extra-legal that a special enactment is requisite to establish it as a principle of recovery. (*Sherlock* v. *State, supra.*) In *Munro* v. *State* (*supra*) an inmate of an insane asylum maintained by the State brutally assaulted a keeper and grievously wounded

him. An enactment, acknowledging a moral obligation on the part of the State to make compensation for the injuries sustained, and authorizing a recovery on the part of the keeper, was held to be constitutional. In that case an employer, occupying a relationship to the parties similar to that occupied by the State, would not have been liable. The obligation was moral, not legal. In *Babcock* v. *State* (*supra*) a State surveyor, suspended by a rope from the side of a steep cliff, was precipitated to the ground far below when the rope broke, and sustained serious injuries from his fall. The accident was due to the fault of a fellow-servant in supplying to the surveyor a defective rope. The case was, therefore, not one which would have made liable an individual employer. Nevertheless it was held that an enactment which recognized the justice of the claim and authorized its allowance was constitutional. In this matter of legislative power, therefore, we are dealing with questions, not of actionable legal rights, but of justice and morality. The Comptroller of the State was guilty of a clear violation of law when he attempted to discharge the claimant. We think that it was well within the power of the Legislature to declare that the State was morally obligated to make requital for the financial loss occasioned claimant thereby. Therefore, in our opinion, the enactment in question was constitutional.

We find nothing in the cases of *Matter of Chapman* v. *City of New York* (168 N. Y. 80) and *Matter of Jensen* (44 App. Div. 509) which militates against the conclusion thus reached. The first case involved charges of official misconduct preferred against a municipal officer for the purpose of procuring his dismissal from office. The charges were unsuccessfully prosecuted. The second involved the prosecution of an indictment of a municipal officer for the crime of accepting a bribe for the performance of an official act. The indictment resulted in an acquittal. In both instances the officers sought to

recover the legal expenses incurred by them, in defending against the proceedings, from the municipality employing them, under a statute authorizing a recovery of expenses incurred in such cases. It was held that no legal, equitable or moral obligation rested upon the municipality to make compensation for moneys thus expended, and that the Legislature was without authority to make provision for compensation therefor to be made by the municipality. In those cases no legal or moral wrong was committed by those who prosecuted the charges. In our case, a wrong, both legal and moral, was committed by an officer of the State to the injury of the claimant and, for that injury, it is just that the claimant should receive compensation from the State.

The judgment should be affirmed, with costs.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN and O'BRIEN, JJ., concur.

Judgment affirmed.