Louis A. Cuvillier, Appellant, *v.* The State of New York, Respondent.

(Argued January 9, 1929; decided February 13, 1929.)

*John D. Lindsay* for appellant. A wrong, both legal and moral, to claimant's injury was committed by the officers who occasioned his detention and restraint under

the charge preferred against him by the police commissioner. (Civ. Prac. Act, §§ 1230 *et seq.; People ex rel. Tweed* v. *Liscomb,* 60 N. Y. 559; *Roberts* v. *State,* 160 N. Y. 217; *McCarg* v. *Burr,* 186 N. Y. 467; *Kilburn* v. *Thompson,* 103 U. S. 168; *Rex* v. *Secretary of State,* L. R. [1923] 2 K. B. 361; *Secretary of State* v. *O'Brien,* L. R. [1923] A. C. 603.) The enabling act is not violative of the constitutional prohibition against the gift or loan of the money of the State in aid of a private undertaking. (*Lewis* v. *State,* 96 N. Y. 71; *Splittorf* v. *State,* 108 N. Y. 205; *Matter of Borup,* 182 N. Y. 222; *Wheeler* v. *State,* 190 N. Y. 406; *Munro* v. *State,* 223 N. Y. 228; *Smith* v. *State,* 227 N. Y. 405; *Babcock* v. *State,* 190 App. Div. 147; 231 N. Y. 560; *Sherlock* v. *State,* 198 App. Div. 494; 235 N. Y. 515; *Williamsburgh Savings Bank* v. *State,* 243 N. Y. 231; *Farrington* v. *State,* 248 N. Y. 112.)

*Hamilton Ward, Attorney-General* (*Frederick D. Colson* of counsel), for respondent. The claim herein does not constitute either a legal claim or a moral obligation against the State of New York. (*Williamsburgh Savings Bank* v. *State of New York,* 243 N. Y. 231; *People* v. *Westchester County Nat. Bank,* 231 N. Y. 465; *Matter of Chapman* v. *City of New York,* 168 N. Y. 80; *Matter of Jensen,* 28 Misc. Rep. 379; 44 App. Div. 509; *Schieffelin* v. *Henry,* 123 Misc. Rep. 792; 215 App. Div. 706; 242 N. Y. 581.) The enabling act under which the claim herein is filed, namely, chapter 711 of the Laws of 1927, is unconstitutional. (*Lehigh Valley R. R. Co.* v. *Canal Board,* 204 N. Y. 471; *Babcock* v. *State of New York,* 190 App. Div. 147; 231 N. Y. 560; *People* v. *Westchester County Nat. Bank,* 231 N. Y. 465.)

*Per Curiam.* By chapter 711 of the Laws of 1927, jurisdiction is conferred upon the Court of Claims to hear and determine the claim of claimant for expenses incurred in defending himself upon a charge of criminal libel preferred against him before a magistrate of the

county of New York. The Court of Claims dismissed the claim upon the ground that the statute is unconstitutional, as it violates article 8, section 9, of the Constitution of the State which prohibits the use of State money for a private undertaking. (*Cuvillier* v. *State*, 132 Misc. Rep. 182.)

The judgment was affirmed by the Appellate Division, one justice dissenting. (*Cuvillier* v. *State*, 225 App. Div. 707.)

Claimant was charged before the magistrate with publishing a criminal libel in New York county. Claimant sent a telegram from Albany to City Magistrate Corrigan at New York city, which, upon its face, is libelous. At the end of the telegram appears the words: " You can publish this telegram if you desire." City Magistrate Corrigan did publish the telegram. An information was filed charging the claimant and Magistrate Corrigan with criminal libel. Upon the hearing before a judge of the Court of General Sessions sitting as a magistrate, the claimant was held to await the action of the grand jury. He thereafter filed a petition for a writ of habeas corpus. Upon the hearing on the return of the writ of habeas corpus, claimant was discharged upon the ground that the libel was published in Albany county and that, therefore, the magistrate in New York county did not have jurisdiction of the crime charged. The information charged that the claimant published the libel in New York county. That the claimant sent the telegram from Albany to New York and that it was received and published by Magistrate Corrigan was not questioned at the hearing before the magistrate, and is not now questioned.

In this State criminal libel is a misdemeanor. (Penal Law, sec. 1341.) Its publication is deemed malicious. (Id. sec. 1342.) Section 2 of the Penal Law provides: " Principal. A person concerned in the commission of a crime, whether he directly commits the act constituting the offense or aids and abets in its commission, and

whether present or absent, and a person who directly or indirectly counsels, commands, induces or procures another to commit a crime, is a ' principal.' "

As it appeared upon the hearing that Magistrate Corrigan published the libel in New York county, and that claimant aided and abetted in its publication, he was a principal in the commission of the crime in New York county, within the meaning of said section 2 of the Penal Law. The magistrate had jurisdiction of the crime charged and of the person of the claimant; he was properly held to await the action of the grand jury and his discharge upon a writ of habeas corpus was without justification in law.

Under such circumstances there was no legal, equitable or moral obligation on the part of the State to reimburse him for the expenses which he incurred.

It has been held that where there is a moral obligation on the part of the State to reimburse one who has suffered loss, an enabling act permitting the Court of Claims to pass upon such a claim is constitutional. (*Farrington* v. *State*, 248 N. Y. 112; *Williamsburgh Savings Bank* v. *State*, 243 N. Y. 231; *Munro* v. *State*, 223 N. Y. 208.)

It is stated in the opinions in those and other cases that, where there is no legal, equitable or moral obligation upon the part of the State, an enabling act which permits a claimant to recover from the State is unconstitutional and void.

Under the facts in this case, the enabling act is unconstitutional, because there was no legal, equitable or moral obligation on the part of the State to reimburse claimant.

We do not find it necessary to determine whether a moral obligation on the part of the State would have been created if, as a matter of law, the magistrate in New York county had acted without jurisdiction.

The judgment should be affirmed, with costs.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and HUBBS, JJ., concur; O'BRIEN, J., not sitting.

Judgment affirmed.