JACOB MENDELSON and Others, Copartners Doing Business under the Firm Name and Style of MENDELSON BROS. & SIFF, Claimants, *v.* THE STATE OF NEW YORK, Defendant.

(Claim No. 18842.)

Court of Claims, March 12, 1930.

*Joseph Sterling,* for the claimants.

*Hamilton Ward, Attorney-General [L. A. Walker, Deputy Assistant Attorney-General,* of counsel], for the State of New York.

BARRETT, P. J. At the close of claimants' case defendant moved to dismiss the claim on the ground that claimants had failed to prove facts sufficient to constitute a claim against the State and decision thereon was reserved.

This motion must be granted.

There is no proof whatever that at the time the claim was heard on January 14, 1930, claimants had not transferred or assigned the claim or that they were the sole owners thereof.

On March 31, 1926, judgment was entered in the office of the clerk of this court dismissing this claim. Upon an appeal to the Appellate Division of the Supreme Court, Fourth Department, that judgment was reversed by an order entered November 9, 1926 (218 App. Div. 210), which order on January 17, 1927, was made the order of this court.

While this court dismissed the claim, it found as a fact that the amount of damages sustained by claimants was $38,000.

The Appellate Division in reversing the judgment limited claimants' damages to the sum of $25,000, that being the amount claimed and the claim not having been amended.

Chapter 601 of the Laws of 1929, which became a law April 12, 1929, purports to confer jurisdiction on this court to hear and determine the alleged claim of claimants in an amount not exceeding $13,000, or the difference between the amount awarded by the Appellate Division and the amount found by the Court of Claims. This law also provides as follows: " If the court of claims shall find that the excess damages sustained by said Mendelson Brothers and Siff were caused by any negligence of the state of New York, without any contributory negligence on the part of the claimant, damages therefor shall constitute a valid and legal claim against the state, and the state shall be deemed liable therefor, and the court may make an award and render judgment in favor of the claimant against the state in such sum, not exceeding thirteen thousand dollars, as will reasonably compensate the claimant for the damages sustained."

It is elemental that " where litigation has proceeded to a judgment which determines the controversy on its merits, it is beyond

the power of legislation to alter or control." (12 C. J. § 14, p. 828.)

After judgment in an action, the fruits thereof are rights of property and are beyond the reach of legislative power to affect. (*Gilman* v. *Tucker*, 128 N. Y. 190.)

As before stated, no attempt was made to amend the claim. No opportunity was given to this court to pass upon that question. Instead of claimants pursuing the procedure already outlined by statute, the Legislature has provided in effect that this final judgment be altered and modified by adding a sum not exceeding $13,000.

That this is the practical effect of the law is apparent from the facts that the negligence of the State and the freedom from contributory negligence of the claimants have been finally established and there is nothing left for this court to do, providing this law is a valid exercise of legislative power, than to make the award to claimants of said sum.

Such action is beyond the power of the Legislature and this conclusion is not changed by the contention of claimants that the State is equitably and morally obligated to claimants and the Legislature had the right to recognize such obligation.

Claimants' failure to obtain an award in the sum of $38,000 was not caused by any act of the State or its officers. In that respect, it differs from *Wheeler* v. *State of New York* (97 App. Div. 276), largely relied upon by claimants, in which case it was the error of a public officer which was responsible for claimants' damages. (See *Wheeler* v. *State of New York*, 190 N. Y. 406.)

This is not a claim where as in *Farrington* v. *State* (248 N. Y. 112), an employee was illegally discharged from the public service. Here claimants' damages cannot be laid to any act of the State. Such a situation creates no equitable or moral obligation on the part of the State in favor of claimants which the Legislature was justified in recognizing.

The practical effect of chapter 601 of the Laws of 1929 is to direct an award by this court to claimants. It is clearly the establishment and allowance by the Legislature of a private claim in violation of the Constitution.

An order in accordance herewith may be submitted by the Attorney-General.

PARSONS, J., concurs.