OTTO A. ROSALSKY, Appellant, *v.* THE STATE OF NEW YORK, Respondent.

(Submitted May 8, 1930; decided June 3, 1930.)

*Jacob I. Berman* for appellant. The enabling act is not violative of the constitutional prohibition against the gift or loan of the money of the State in aid of a private undertaking. (New York Const. art. 8, § 9; *People* v. *Westchester Co. Nat. Bank,* 231 N. Y. 465; *Farrington* v. *State,* 248 N. Y. 112; *Matter of Stubbe* v. *Adamson,* 220 N. Y. 459; *Williamsburgh Sav. Bank* v. *State,* 243 N. Y. 231; *Munro* v. *State,* 223 N. Y. 208; *Lehigh Valley R. R. Co.* v. *Canal Board,* 204 N. Y. 471; *Silsby Mfg. Co.* v. *State,* 104 N. Y. 562; *Cuvillier* v. *State,* 225 App. Div. 707; *People* v. *Byrne,* 99 Misc. Rep. 1; *People ex rel. Nechamkus* v. *Warden,* 144 N. Y. 529; *Mannix* v. *Frost,* 100 Misc. Rep. 36.) Where there is a moral obligation on the part of the State to reimburse one who has suffered loss, an enabling act permitting the Court of Claims to pass upon such a claim is constitutional. (*Cuvillier* v. *State,* 250 N. Y. 258; *Farrington* v. *State,* 248 N. Y. 112; *Williamsburgh Sav. Bank* v. *State,* 243 N. Y. 231; *Munro* v. *State,* 223 N. Y. 208; *Alamango* v. *Supervisors of Albany Co.,* 25 Hun, 551; *Ledwith* v. *Rosalsky,* 244 N. Y. 406; *Olmsted* v. *Meahl,* 219 N. Y. 270; *People ex rel. Sears* v. *Tobey,* 153 N. Y. 381; *McDonald* v. *Mayor,* 102 N. Y. 728; *Cahill* v. *Michaelis,* 170 Fed. Rep. 66; *Farrington* v. *State,* 248 N. Y. 112; *People* v. *Westchester Co. Nat. Bank,* 231 N. Y. 465.)

*Hamilton Ward, Attorney-General* (*Frederick D. Colson* of counsel), for respondent. The claim herein does not constitute either a moral or an equitable obligation against the State of New York. (*People* v. *Westchester Co. Nat. Bank,* 231 N. Y. 465; *Farrington* v. *State,* 248 N. Y. 112; *Munro* v. *State,* 223 N. Y. 208; *Schieffelin* v. *Henry,* 123 Misc. Rep. 792; *Matter of Chapman* v. *City of New York,* 168 N. Y. 80; *Matter of Jensen,* 44 App. Div. 509; *Cuvillier*

v. *State*, 250 N. Y. 258; *Matter of Kane* v. *McClellan*, 110 App. Div. 44; *Gavin* v. *Board of Supervisors*, 221 N. Y. 222.) The enabling act under which the claim is filed is unconstitutional. (*Lehigh Valley R. R. Co.* v. *Canal Board*, 204 N. Y. 471; *Munro* v. *State*, 223 N. Y. 208; *Babcock* v. *State*, 190 App. Div. 147; 231 N. Y. 560; *People* v. *Westchester Co. Nat. Bank*, 231 N. Y. 465; *Williamsburgh Sav. Bank* v. *State*, 243 N. Y. 231; *Farrington* v. *State*, 248 N. Y. 112; *Cuvillier* v. *State*, 250 N. Y. 258; *Matter of Jensen*, 44 App. Div. 509.)

*Per Curiam.* The question to be determined is the validity under the State Constitution of chapter 772 of the Laws of 1928.

By that act, the Legislature attempted to clothe the Court of Claims with jurisdiction to audit and determine " the claim of any judge or judges of the Court of General Sessions of the county of New York for counsel fees and expenses incurred by him or them in successfully defending any action or proceeding heretofore brought against him or them by reason of any act, decision or judgment arising out of his or their judicial duties since nineteen hundred and twenty." Upon a finding that such an action or proceeding had been brought and had been finally determined in favor of the judge or judges, there was to be a judgment against the State " for such sum as shall be just and equitable," not exceeding, however, the sum of $15,000 in any one instance.

The claimant, a judge of the Court of General Sessions of the County of New York, was sued for damages resulting from an official act, the commitment of a person charged to be insane in accordance with section 87 of the Insanity Law (Cons. Laws, ch. 27). He successfully defended the action, and in so doing incurred expenses for counsel fees and disbursements in the sum of $2,249.09. The Court of Claims has dismissed his claim for reimbursement on the ground that the enabling

act (Laws of 1928, ch. 772) permits an unconstitutional gift of the public moneys of the State.

There is now a settled rule of law that in the absence of legal liability, the Legislature may not permit the audit and allowance of a claim against the State unless it be in fulfillment of a moral obligation (*People* v. *Westchester County Nat. Bank*, 231 N. Y. 465; *Williamsburgh Sav. Bank* v. *State of New York*, 243 N. Y. 231; *Farrington* v. *State of New York*, 248 N. Y. 112, distinguishing *Matter of Chapman*, 168 N. Y. 80, and *Matter of Jensen*, 44 App. Div. 509).

We do not now determine whether particular equities may give rise to a moral obligation to reimburse a public officer for expenses incurred in defending his official acts (cf. *Cuvillier* v. *State of New York*, 250 N. Y. 258). Assuming, without deciding, that such an obligation may exist, we think the act before us is too broad to be upheld. The jurisdiction of the Court of Claims is not limited by the statute to the allowance of claims rooted in morality and conscience. There is one requirement and only one: that a judge of a particular court, selected arbitrarily, it would seem, from among all the tribunals of the State, shall have been a successful defendant in a litigation growing out of his official acts. If that requirement is satisfied, the State is to pay the bill. There is to be no consideration of the question whether the prosecution of the lawsuit was in good faith and upon grounds justifying a finding of probable cause. There is to be no consideration of the reasons for the dismissal of the action, the grounds of the defense. If a final determination has been rendered in favor of the judge, the claim must be allowed, though the defense may have been one unrelated to the merits, as, for example, the Statute of Limitations, or even the defense that a judge of a superior court who has acted maliciously or oppressively, is immune from civil liability if he has kept within his jurisdiction (*Lange* v. *Benedict*. 73 N. Y. 12). A moral obligation,

strong enough to sustain discrimination in favor of one group of judges among many similarly situated, imports a broader base of equity and justice.

We measure the validity of statutes, not by what has actually been done under cover of their provisions, but by what with reason may be done (*Stuart* v. *Palmer*, 74 N. Y. 183; *Matter of Richardson*, 247 N. Y. 401, 421). That being so, this statute is not saved because this particular claimant, a judge of high repute, may have been subjected to unjust expense through action for the public good. A statute allowing the gift of public moneys for the benefit of a chosen few may not be held to have its roots in the recognition and enforcement of a moral obligation when claims righteous and unrighteous, considered and unconsidered, known and unknown, are embraced within its terms (*Williamsburgh Sav. Bank* v. *State, supra*, at p. 241).

The judgment should be affirmed with costs.

CARDOZO, Ch. J., POUND, CRANE, KELLOGG, O'BRIEN and HUBBS, JJ., concur; LEHMAN, J., not sitting.

Judgment affirmed.