In the Matter of the Application of INEZ EVANS, Petitioner, for a Mandamus Order against CHARLES W. BERRY, Comptroller of the City of New York, Respondent.

Supreme Court, Bronx County, November 24, 1931.

*Lyman & Lyman* [*Irwin J. Sikawitt* of counsel], for the petitioner.

*Arthur J. W. Hilly, Corporation Counsel of the City of New York,* for the respondent.

McGEEHAN, J. This is an application for a peremptory mandamus order to require the comptroller of the city of New York to pay an

award made by the board of estimate and apportionment pursuant to Local Law No. 13 enacted by the municipal assembly on December 10, 1927, and entitled "A local law in relation to awards to persons injured by a police officer while such officer is engaged in the performance of police duty."

The essential facts are undisputed. While the petitioner was lawfully proceeding along a public highway in the borough of The Bronx she was accidentally wounded by a bullet discharged from the revolver of a city police officer as he was in pursuit of escaping highway robbers. The petitioner sustained serious injuries. At the time of the occurrence she was employed, earning $45 a week. She was incapacitated for 205 weeks and incurred expenses of approximately $1,600. By an appropriate resolution the board awarded her a sum of money which it deemed a " just and equitable " reimbursement for her loss of compensation and for her expenses due to such injuries.

In his return to the petition the comptroller states that during recent years numerous highway robberies have been perpetrated or attempted on the public streets of the city; that police officers in apprehending, or endeavoring to apprehend, the offenders have, in the proper performance of their duties, been compelled to use and discharge firearms; that persons on the highway have been injured in the exchange of shots between the pursuing police officers and the fleeing criminals; and that numerous claims have been filed by such persons for damages alleged to have been so sustained. That there have been such occurrences is generally known to the public. For his guidance in the performance of his duties as the chief disbursing officer of the city the comptroller desires a judicial declaration with respect to the payment of claims of this class.

. At the outset I refer to an address I made to the grand jury of the county of Bronx on August 24, 1931, occasioned by the commission of a series of major crimes which resulted in the deaths of police officers and in injuries to innocent pedestrians upon the public thoroughfares of the county. Among other things, I then said: " Many citizens were injured, some fatally, in this fearful fight. Whatever the city can do to compensate them for their losses should be promptly done. They were injured through no fault of their own, and in many cases cannot bear the loss." I now reiterate those views.

The comptroller alleges that the local law is unconstitutional as being violative of section 10 of article 8 of the Constitution of the State of New York, which provides in part that no city shall give any money to or in aid of any individual. The petitioner refers to section 3 of article 12 of the Constitution, which provides

in part that every city shall have power to adopt local laws not inconsistent with the Constitution and laws of the State, relating to the incurring of its obligations, the presentation, ascertainment and discharge of claims against it, and the government and regulation of the conduct of its inhabitants and the protection of their property, safety and health.

The City Home Rule Law contains a similar provision (Art. 2, § 11, as amd. by Laws of 1928, chap. 670, and Laws of 1929, chap. 646). Such law shall be construed liberally (Art. 3, § 31).

The question thus squarely presented is whether the award shall be declared a gift of public money for a private purpose or the recognition of a moral obligation on the part of the city which it should satisfy. (See *Farrington* v. *State of New York*, 248 N. Y. 112, 115.)

By subdivision 5 of section 20 of the General City Law the city is empowered " to pay or compromise claims equitably payable by the city, though not constituting obligations legally binding on it."

In *Williamsburgh Savings Bank* v. *State of New York* (243 N. Y. 231, 240) the court said: " Fortunately, and creditably to them, our courts have firmly established the proposition that the State as well as an individual may be honorable and may voluntarily recognize just obligations which it fairly and honestly ought to pay even though they do not constitute purely legal claims such as in the case of an individual could be enforced under the compulsion of judgment and execution. By appropriate constitutional provisions taxpayers are protected against waste and extravagance which might result from some passing or mistaken impulse upon the part of the Legislature to make gifts. But when a claim is presented which securely rests upon a foundation of equity and justice and which involves what we have come to define as a moral obligation, it may be recognized without infringing upon these provisions and the State may pursue the same course of honorable conduct as would an individual."

The claim of the petitioner, which has been duly recognized by the board, " rests upon a foundation of equity and justice " and involves " a moral obligation." When the local law was enacted and when this claim was presented to and allowed by the board questions of public policy were raised and called for the exercise of the discretionary powers of the governing bodies of our city. In my opinion, the board exercised a wise discretion in this case. I hold the local law constitutional, and the award thereunder properly made.

Accordingly, the application is granted. Settle order.