JOSEPH E. CORRIGAN, Claimant, *v.* THE STATE OF NEW YORK, Defendant. (Claim No. 18836.)

Court of Claims, December 7, 1931.

*John D. Lindsay [Caruthers Ewing* of counsel], for the claimant.

*John J. Bennett, Jr., Attorney-General [Frederick D. Colson, Deputy Assistant Attorney-General,* of counsel], for the defendant.

BARRETT, P. J. This claim was filed pursuant to chapter 475 of the Laws of 1929, which provides as follows:

" Section 1. Jurisdiction is hereby conferred upon the court of claims to hear, try and determine the claim of Joseph E. Corrigan for counsel fees and expenses paid or incurred by him in successfully defending the charge of publishing a libel preferred against him before one of the judges of the court of general sessions of the county of New York, sitting as a magistrate, on the ninth day of May, nineteen hundred twenty-three, and which was dismissed by

said judge on the ninth day of November, in the same year; and if the court finds that claimant was innocent of said crime, and that there was no sufficient cause to believe him guilty thereof, the amount of said counsel fees and expenses, so paid or incurred, shall constitute a legal and valid claim against the state, and the court may allow, award and render judgment for claimant against the state for such sum as shall be just and equitable; provided such claim is filed within six months after this act shall take effect.

" § 2. Nothing herein shall be construed as passing upon the merits of such claims and no award shall be made or judgment rendered against the State unless sustained by such evidence as would create a liability in a court of law or equity against an individual or corporation.

" § 3. This act shall take effect immediately."

On April 23, 1923, a Member of Assembly sent a telegram from Albany to claimant, a New York city magistrate, which telegram was libelous as against Richard E. Enright, then police commissioner of the city of New York. The telegram, delivered at the home of the claimant, was seen there by a newspaper reporter in claimant's absence, and later in the same day claimant, in response to a question of the reporter as to whether he might use said telegram, said that he had no objections. The reporter thereupon copied the telegram and claimant later, upon noticing the personal reference to the commissioner of police, tried to prevent the publication of that portion of the telegram and telephoned to the reporter accordingly, who agreed to stop its publication. Other newspapers, however, than the one with which the reporter was connected had been furnished with copies and one newspaper published the telegram in its entirety on April 23, 1923.

On April 24, 1923, Enright requested the district attorney of New York county to submit to the grand jury the matter of his alleged criminal libel. The district attorney and his chief assistant investigated the circumstances attending the publication of the telegram and concluded that so far as claimant's participation therein was concerned, the publication was inadvertent and without design or intent. They concluded that it was unlikely that claimant would be indicted and the matter was not submitted to the grand jury.

It appears that some conferences were then held between the district attorney and his chief assistant and they formulated the plan of having a judge of General Sessions of the city of New York sit as a magistrate on information. Enright, with whom the chief assistant district attorney conferred concerning the matter,

insisted upon prosecution of the charge, preferably by submission to the grand jury, and reluctantly consented to the procedure suggested.

Accordingly, an information against claimant was prepared, addressed and delivered to the judge of General Sessions. Claimant was arraigned thereon and pleaded not guilty, justification and excuse. Hearings were held, as a result of which the information was dismissed and no further proceedings were taken against claimant.

This claim is made for legal services and expenses paid or incurred by claimant in said proceedings and those incidental thereto.

There is, of course, no purely legal obligation resting upon the State to reimburse claimant and, if there is any liability, it must be founded upon a moral and equitable obligation upon the part of the State.

It is well settled that, in the absence of legal liability, the Legislature may not permit the audit and allowance of a claim against the State unless it be in fulfillment of a moral obligation. (*Rosalsky* v. *State*, 254 N. Y. 117, at p. 120, and cases cited.)

Claimant contends that such a moral obligation exists here and that it was recognized by the Legislature by said chapter 475 of the Laws of 1929.

His claim, in brief, is that the inquiry before the magistrate was in reality an investigation of conditions existing in the police department in New York city in 1923; that such an investigation was for the People's interest, and in the words of claimant's brief that " Claimant was charged with a criminal offense and made to stand the burden of an investigation not of his own seeking but which it was thought by the District Attorney and Committing Magistrate would redound to the public welfare."

The inquiry, as before stated, was based upon an information charging claimant with a criminal offense. The publication of the telegram, whether through carelessness or through inadvertence, was the act of claimant and was the cause of the investigation.

One of the facts for determination by this court under the special act is whether there was sufficient cause to believe claimant guilty.

In *Cuvillier* v. *State* (250 N. Y. 258), which case is largely relied upon by claimant, there appears on page 260 this pertinent sentence: " City Magistrate Corrigan did publish the telegram." Of course, no other conclusion could be reached by this court after hearing the testimony in this claim.

Claimant, however, insists in substance that Enright knew the facts concerning the publication and, therefore, knew that no crime had been committed. The telegram having been published through

the act of claimant, whatever statements of the circumstances of the publication were made, and the telegram being libelous on its face, Enright was justified in believing claimant guilty of crime and in insisting upon a proper investigation by proper authorities and such an investigation was had.

The dismissal of the charge was justified by the facts developed at the hearing, but the commissioner of police had, when he asked for submission to the grand jury and when he made the information, sufficient cause to believe claimant guilty.

Claimant's expenses were incurred by reason of his own acts as an individual. There would have been no information against him and no investigation of his actions were it not for the publication of the telegram.

Under such circumstances, it is difficult to see how the State is indebted to claimant. The burden of expense which claimant has had to bear had its inception not in any act of the State but in the act of claimant himself.

It is unnecessary to review here the cases cited in suppovt of claimant in the excellent brief of counsel for claimant. I have examined them carefully but none of them in my judgment justify an award in this case.

It is my opinion, therefore, that there existed at the time the special statute was passed no obligation, legal, moral or equitable, on the part of the State toward claimant, and the act, therefore, is unconstitutional, being violative of section 9 of article 8 of the Constitution of this State.

There is practically no dispute as to the value of the services and that they were of great value is beyond question. It is unfortunate that it was necessary for claimant, a respected judge, to incur this large expense, but neither the Legislature nor this court, in our judgment, has any power to reimburse him out of the funds of the State.

At the conclusion of claimant's case the State moved to dismiss the claim on the ground that claimant had failed to prove facts sufficient to constitute a claim against the State, to which was later added the request that the claim be dismissed upon the ground that the statute under which it was filed is unconstitutional.

The motion is granted and an order to that effect may be submitted.

POTTER, J., concurs.