CITY OF SYRACUSE, Claimant, against THE STATE OF NEW YORK, Defendant.

(Claim No. 22280.)

Court of Claims, State of New York, April 19, 1933.

*Edward L. Robertson, Corporation Counsel,* for the claimant.

*John J. Bennett, Jr., Attorney-General* [*Harold P. Burke* and *Joseph I. Butler, Assistant Attorneys-General,* of counsel], for the State of New York.

RYAN, J. This claim was filed pursuant to chapter 370 of the Laws of 1932.

The city of Syracuse seeks to collect from the State of New York

an accumulation of taxes, together with the interest and fees thereon, assessed over a period of years for street grading, sewers, paving and for other local improvements and for sprinkling and flushing streets. The State lands against which the assessments were made are divided into two classes, the first being lands adjacent to the Barge canal terminal and the second property owned by the State within the city of Syracuse other than lands adjacent to the Barge canal terminal.

It appears that the State of New York, pursuant to resolution duly adopted by the Canal Board in accordance with the provisions of chapter 477 of the Laws of 1918 and upon the petition of the city of Syracuse requesting the same, conveyed to the said city by quitclaim deed certain easements and rights of way for street or highway purposes out of lands previously appropriated by the State for Barge canal purposes and which were no longer necessary therefor. There were two such conveyances. The first was by deed dated January 16, 1919, and recorded January 20, 1919, in volume 3 of Deeds by Superintendent of Public Works, at page 9, in the Secretary of State's office and the second by deed dated February 21, 1923, and recorded the same date in volume 4 of Deeds by Superintendent of Public Works, at page 63, in the Secretary of State's office.

Chapter 477 of the Laws of 1918 contains the following clause: " Any deed executed pursuant to the provisions of this act shall provide in substance that the State lands abutting upon the streets opened or extended over the deeded parcels shall not, while title thereto is held by the State, be subject to any tax or assessment for or on account of any street openings."

The deed of January 16, 1919, recited: " It is understood and agreed by and between the party of the first part and the party of the second part that the State lands abutting upon the premises shown on Maps Nos. T-112-B, T-113-B, T-120-B, T-120-C, T-121-B and T-121-C, shall not, while the title thereto is held by the State, be subject to any tax or assessment for or on account of any street openings."

The deed of February 21, 1923 recited: " It is understood and agreed by and between the party of the first part and the party of the second part that the State lands abutting upon the premises shown on said Maps Nos. T-120-E, T-121-G and T-198-B shall not while the title thereto is held by the State, be subject to any tax or assessment for or on account of any street openings; and further that the execution and delivery of this deed shall not be construed as an acknowledgment of the right of the City of Syracuse to assess the lands of the State, abutting on the street to be opened

or extended over the premises shown on said Maps Nos. T-120-E, T-121-G and T-198-B for the cost of improving said street."

Both deeds recited a nominal consideration of one dollar and it was stipulated on the trial that no consideration was given for the conveyances " other than the consideration stated in the deed, other than the resolutions and agreement contained in said deeds."

What was intended by the restriction imposed by the Legislature and incorporated in the deeds to the effect that while title was held by the State the abutting lands should not be subject to any tax or assessment " *for or on account of any street openings?* "

It will be noted that the second conveyance contained a clause not appearing in the first one and reciting in effect that the execution and delivery of the deed should not be construed as an acknowledgment of the right of the city to assess abutting State lands for the " *cost of improving* " a street.

The corporation counsel of claimant city argues that this last and additional stipulation appearing in the second deed is outside of the conditions imposed by chapter 477 of the Laws of 1918 and has no bearing upon the case except that assessments for improving a street were recognized by both parties as being assessments other than assessments for opening a street, a distinction which he urges is important.

The Attorney-General replies that the language of the legislative enactment means more than the mere street opening and was intended to include all that would logically follow, grading, paving, sewers and sprinkling.

At the time of the legislation of 1918 the State owned lands in excess of its requirements for its Barge Canal Terminal. The city desired to extend certain streets through these lands. There was no way by which the city could acquire its easements and rights of way without the consent of the Legislature. With that consent the city was able to secure what it desired without expense for its acquisition, giving only in return a covenant that the State would not be subject to tax or assessment.

Assume that we give to the words " for or on account of any street openings " their fullest possible meaning and intendment; assume that they gave to the State immunity from any assessment which would follow the extension of the city streets over the rights of way granted; assume that this immunity was recognized at the time of the second conveyance and the State's position fortified by the addition of the further stipulation therein contained, nevertheless the Legislature now says in no uncertain terms that the State shall be liable for these very assessments if this court shall

find that the local improvements were made and the proportionate cost thereof has not been paid.

Chapter 370 of the Laws of 1932 provides as follows: " Section 1. Jurisdiction is hereby conferred upon the court of claims to hear, audit and determine the claim of the city of Syracuse against the state for local improvements made by the city during the years nineteen hundred eight to nineteen hundred thirty, both inclusive, and for sprinkling and flushing of city streets during such years, adjacent to canal lands and other state property, and if the court finds that such improvements were made and such sprinkling and flushing performed during such years and that the city has not been reimbursed for the proportion of the cost assessed against the state, damages therefor shall constitute a legal and valid claim against the state and the state shall be deemed liable therefor, and the court may make an award and render judgment in favor of the claimant against the state in such sum as it shall find will properly compensate the city for such improvements and work, provided the claim herein authorized is filed with the court of claims within six months after this act takes effect."

Has the Legislature exceeded its power in this enactment? The deeds with their covenants and reservations were given by legislative authority. The same authority now elects to waive the benefits of these covenants and reservations. The obligation of no contract is impaired. The rights of the city of Syracuse under its executed contract and grant from the State are merely added to and amplified. No third party is involved.

That the State should be assessed for local improvements on State lands is recognized by statute and is conceded, as we shall later observe, in one element of this claim. But granting that as to these canal lands there was no legal liability on the State to pay, nevertheless the city has conferred upon the State the benefits of the ·improvements which it has continued to enjoy without any return therefor. Upon this rests a moral obligation which the Legislature has now recognized, we think properly and within its constitutional rights. (N. Y. Const. art. 8, § 9; *Farrington* v. *State*, 248 N. Y. 112; *Rosalsky* v. *State*, 254 id. 117.)

We conclude, therefore, that as to the net amount of the assessments as originally made for the local improvements upon the streets passing through the canal lands and upon which they abut an award must be made for the amounts established upon the trial.

As to the assessments made for local improvements against property owned by the State within the city of Syracuse other than the canal lands it appears that in 1932 the State paid the net amount for paving and sewers assessed against the State school and

the Attorney-General concedes that the enabling act may be considered authority for the awarding of the net amount of the items claimed for sprinkling and flushing of streets adjoining the State-owned properties known as the weigh lock, the canal lock square, the State school and the State armory.

However, the claimant city is not satisfied with the net amount of any of the unpaid assessments but insists that it is entitled to fees and interest thereon. Upon this point the enabling act is silent.

The improvements were ordered pursuant to chapter 684 of the Laws of 1905, known as the Syracuse Public Works Act. The assessments were made pursuant to chapter 75 of the Laws of 1906, known as the Syracuse Tax Assessment Act. Claimant proved the enactment of its various city ordinances involved and offered its assessment rolls in evidence. The Attorney-General stipulated that the assessments were made. The court will find that the requirements of these statutes were substantially met by the city of Syracuse in making the local improvements and in assessing and spreading the cost thereof. There is nothing in the record upon which to base a contrary finding. Claimant likewise proved that written notice of each assessment was served upon the State Comptroller at least three weeks prior to confirmation thereof as required by section 19 of the Public Lands Law.

This section was formerly section 21 and was renumbered section 19 by chapter 578 of the Laws of 1928, and was derived from the Public Lands Law of 1894, section 20. It reads as follows: " Assessments for local improvements [on state lands. A person, body or board authorized to assess lands for local improvements or purposes, shall serve on the comptroller of the state, at least three weeks prior to the confirmation of the same, a written notice of every assessment on state lands, showing the purpose for which the assessment is made, the state lands assessed and the amounts for which they are assessed, and referring to the law authorizing the assessment, and no such assessment shall be legal unless such notice is duly served. No fee, interest, penalty or expense shall be added to or accrue on any such assessment against state lands, nor shall such lands be sold therefor; but such assessments shall, if confirmed and uncontested, be paid and discharged out of any moneys appropriated therefor. All sales of state lands for unpaid taxes or assessments for local improvements or purposes, and all sales of such lands by any municipal or village authority, whether the title thereto be derived from tax sale or otherwise, for unpaid taxes levied thereon, while such title vested in the state, are void. All assessments legally made on state lands, and all legal rents

or charges thereon, shall be audited by the comptroller and paid out of the treasury."

Counsel for claimant argues that the provision of this section of the Public Lands Law, which states, " No fee, interest, penalty or expense shall be added to or accrue on any such assessment against state lands," is not applicable to the claim of the city of Syracuse but has been either expressly or by implication repealed by the two special acts in question.

Chapter 684 of the Laws of 1905 provides for the administration of the city's public works and the authorization and carrying on of public improvements. It carries with it a repeal of laws enumerated in an attached schedule and also of " all acts and parts of acts, general or special, in so far as inconsistent with the provisions of this act." Section 19 of the Public Lands Law is not included in the schedule and cannot be said to be inconsistent with the act in any particular.

The machinery for making the assessments, once the improvements have been authorized, is found in chapter 75 of the Laws of 1906. Section 14 thereof reads as follows: " All lands within said city whether owned by the state or any membership or other corporation or association shall be liable for assessments for local improvements as herein specified and no lands shall be exempt therefrom. The city treasurer may maintain an action in his name of office against any person, corporation or association for the recovery of the amount of any assessment for a local improvement, heretofore or hereafter assessed or levied, together with interest, fees and expenses thereon as herein provided and the costs of the action in any court, at any time after the same shall become due and payable as provided herein, notwithstanding that the time limited by law in which any such action should be commenced has expired."

It will be noted that the authority given to the city treasurer to maintain an action for the amount of the assessment, together with the interest, fees and expenses, does not extend to an action against the State of New York and the only authorization for such an action is the present enabling act which says nothing about interest, fees and expenses. Counsel, however, calls our attention to the repealer in section 43 of chapter 75 of the Laws of 1906 of all acts or parts of acts inconsistent therewith, but immediately preceding this section we find that section 42 of the same act reads as follows: " Nothing in this act shall be construed to amend or repeal any provision of the penal or criminal code, nor to affect any assessments for local improvements heretofore or hereafter levied against state property for local improvements in said city, nor to

repeal or modify any of the provisions of section twenty of the public lands law."

This determines, we believe, the question of an express repeal. We can find no ground for holding that this general statute has been impliedly repealed as to the city of Syracuse. (*Matter of Tiffany*, 179 N. Y. 455, 457; *Matter of Evergreens*, 47 id. 216.)

We conclude, therefore, that the fees which under the Syracuse Tax and Assessment Act are fixed at five per cent after the first thirty days, and in addition after ninety days interest on the whole amount at twelve per cent per annum cannot be awarded herein.

There remains one additional question to be determined. When the State appropriated lands for the Barge canal it took properties through which Onondaga creek formerly meandered. The creek channel was straightened and the old bed was filled up. In granting the rights of way and easements the streets were extended across the old creek bed. As the various assessments have been made according to foot frontage of the State-owned lands wherever the street crossed the old creek bed the amount thereof will vary depending on whether or not the State owned to the center or only to the bank of the stream. Upon the trial a computation of the frontage and amounts due based on each method of measuring was given by stipulation and by the testimony of an engineer.

We think the law is well settled that a riparian owner on a non-tidal stream owns presumptively to the middle thereof. (*Stewart* v. *Turney*, 237 N. Y. 117; *Fulton L., H. & P. Co.* v. *State*, 200 id. 400.) There being nothing in this record to overcome this presumption we shall hold accordingly and make the award according to the claim of the city measuring foot frontages to the center of the creek.

An award is made in the amount of $81,383.58, which is the total net amount of the assessments claimed without fees or interest and as corrected by stipulation and proof upon the trial.

ACKERSON, J., concurs.