Appeal from an order of the Court of Claims which dismissed the claim of appellant as “having been filed more than two years after the accrual of the cause of action set forth therein.” The statement of claim occupies more than twenty-five printed pages. It is rambling and approaches incoherence. However, the claimant’s position, as indicated in the brief of his attorneys is that his “ liberty was violated by the State acting through its agents and representatives. He was subjected to a false arrest and imprisonment; His property was taken without warrant and his home searched without cause; the very papers taken from his *759 home bore complete proof of his innocence; He was subjected to a malicious prosecution 15 0 if.” The position of the Attorney-General is that claimant having been released on December 22, 1942, it was necessary that he file a claim within two years, and the claim not having been filed until December 28. 1944, the Statute of Limitations (Court of Claims Act, § 10, subd. 5; L. 1939, ch. 860) had run. From the briefs and the statement contained in the record it appears that claimant was convicted of grand larceny in the Queens County Court on July 1, 1937, and no appeal was taken. He was sentenced to Sing Sing Prison for an indeterminate period of three to six years, was released on parole December 20, 1939, reapprehended as a parole violator on April 4, 1941, and discharged at the expiration of the maximum term on December 22, 1942. He has not been pardoned or restored to his rights as a citizen, and no enabling act authorizing the prosecution of a claim has been passed by the Legislature. Many rambling allegations appear in the statement charging the trial judge, the district attorney and witnesses with corrupt motives and illegal conduct. Under conditions which here exist there is no cause of action against the State. (Roberts v. State, 30 App. Div. 106, affid. 160 N. Y. 217; Cuvillier v. State of New York, 250 N. Y. 258.) While it might be that had there been a cause of action, the Statute of Limitations would have run, we choose to place our decision upon the ground that no cause of action is set forth. Order-dismissing the claim affirmed, without costs, upon the ground that a cause of action is not pleaded, The modification is made on the law and facts. All concur. [See post, p. 852.]