CHARLES BARISH, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 29996.)

Court of Claims, April 4, 1950.

*Nathaniel L. Goldstein*, Attorney-General (*David Marcus* of counsel), for defendant.

*Erwin Greenberg* for claimant.

SYLVESTER, J. In this proceeding to recover for the negligence of a national guardsman, the State moves to dismiss the claim for failure to state a cause of action upon the grounds (a) that the enabling act (L. 1949, ch. 830) does not make the operator of the New York State National Guard vehicle a State employee, and (b) that it contravenes the provisions of section 8 of article VII and section 19 of article III of the New York State Constitution.

In *Buzanowski* v. *State of New York* (Claim No. 25832, Ct. of Claims, Sept. 24, 1940) this court held that the purpose of the enabling act was to regard the actor as an employee of the State. (See, also, opinion of GORMAN, J., *re* instant claim, on a motion for examination before trial, Motion No. 1667, Jan. 17, 1950.) This view is adhered to.

The State urges that the enabling act is violative of the provisions of section 8 of article VII and section 19 of article III of the New York State Constitution. Section 8 of article VII provides as follows: " [*Gift or loan of state credit or money prohibited; exceptions for enumerated purposes.*] The money of the state shall not be given or loaned to or in aid of any private corporation or association, or private undertaking; nor shall the credit of the state be given or loaned to or in aid of any individual, or public or private corporation or association, or private undertaking, but the foregoing provisions shall not apply to any fund or property now held or which may hereafter he held by the state for educational purposes."

Section 19 of article III provides as follows: " [*Private claims not to be audited by legislature; claims barred by lapse of time.*] The legislature shall neither audit nor allow any private claim or account against the state, but may appropriate money to pay such claims as shall have been audited and allowed according to law."

The instant claim does not come within the inhibitions of the quoted sections. Its character is such as to suggest to the " judicial mind and conscience that  *  *  *  [it] belongs to

a class concerning which the Legislature, in the exercise of a wide discretion, might reasonably say that they are founded in equity and justice and involve a moral obligation on the part of the State which it should satisfy." (KELLOGG, J., in *Farrington* v. *State of New York*, 248 N. Y. 112, 115.)

It is said that the National Guard, while subject to the immediate control of the Governor, lies in the ultimate control of the Federal Government and that because of its " hybrid " character, the tortious acts of such a group do not impose upon the State a moral obligation to compensate the injured party. The claim at bar would seem to fit into a class of enactment, authorizing the allowance of claims, that have been held constitutional. Such a classification includes " claims involving injuries and damages wrongfully inflicted upon individuals by those in the State service or others for whose acts the State might justly be regarded as responsible." (*Farrington* v. *State of New York, supra,* p. 116.)

It would appear also that the issue of constitutionality should await the trial of the claim and not be determined solely on the pleadings. (*Weiskopf* v. *City of Saratoga Springs,* 269 N. Y. 634; *Hayork Realty Corp.* v. *State of New York,* Ct. of Claims, Nov. 31, 1941, DYE, J.)

The motion is denied. Submit order.