■ RALPH MCARTHUR, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 46969.) CELIA WANKOFF, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 47038.) BERNARD WIESS et al., as Executors of ALFRED L. GEILER, Deceased, et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 47116.) ELIZABETH M. BROWN, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 47144.) — Appeal from an order of the Court of Claims which denied a motion by the State for dismissal of the claims herein. Claimants are property owners in Sullivan County whose lands abut New York State Route 17-B. In 1955 the State undertook reconstruction of the road and sought to appropriate a five-foot strip at the side of the existing road assuming that it was a three-rod road, and in fact paid some landowners on that basis. Actually the State held title to a six-rod width of highway as determined by this court when the State appealed an award to a similarly situated claimant (*Frankfater* v. *State of New York,* 17 A D 2d 515). Left then without a legal recourse, certain claimants pressed for remedial legislation. In 1966 the Legislature passed an enabling act (L. 1966, ch. 696) conferring jurisdiction upon the Court of Claims to hear, audit, and determine claims of property owners along Route 17-B and to award judgments in those claims which were founded in right and justice or in law and equity. One of the many claims filed was reviewed by this court and resulted in a dismissal on the grounds that claimant had not proven the moral or equitable basis for payment required by the enabling act (*Frankfater* v. *State of New York,* 31 A D 2d 231, 234). In *Frankfater* we observed that the adjacent owners had no right to assume that, because the State did not utilize its entire property, its ownership was limited to the road width actually utilized. To establish a moral or equitable basis for payment, we pointed out that there would have to be, among other things, proof that a claimant bought,

sold or improved their property in reliance upon State maps showing Route 17-B to be three rods in width. The ultimate proof necessary to establish such a claim, while obviously demanding, is not our concern presently since we are reviewing the denial of the omnibus motion to dismiss for failure to state a cause of action; failure to allege facts sufficient to permit recovery under the enabling act; collateral estoppel, untimely filing; and finally an attack on the constitutionality of chapter 696 of the Laws of 1966. The court below denied the motion in its entirety. An established line of authority in this State, beginning with *Town of Guilford* v. *Board of Supervisors of Chenango County* (13 N. Y. 143), acknowledges the power of the Legislature to authorize payment of certain moral obligations by the State, subject to the constitutional limitation (N. Y. Const., art. VII, § 8) that no gift shall be made of public funds (*Farrington* v. *State of New York,* 248 N. Y. 112; *Williamsburg Sav. Bank* v. *State of New York,* 243 N. Y. 231; *Lehigh Val. R. R. Co.* v. *Canal Bd.,* 204 N. Y. 471; *Munro* v. *State of New York,* 223 N. Y. 208; *Babcock* v. *State of New York,* 190 App. Div. 147, affd. 231 N. Y. 560). Accepting the broad definition of "moral obligation" adopted by the Court of Appeals (*Lehigh Val. R. R. Co.* v. *Canal Bd., supra,* p. 475) encompassing ethical considerations, and rejecting the notion that there need be an underlying legal duty to sustain recognition of a claim, we find that this enabling act satisfies constitutional requirements. It does not broadly authorize payment of claims founded in right and justice, but specifically sets forth guidelines which the court must consider to effectuate the statutory purpose and without which the act would be lacking in constitutional requirements. Although a claimant is required to produce proof at trial in strict accordance with the enabling act (*Frankfater* v. *State of New York,* 31 A D 2d 231, *supra*), it has been held that in regard to the sufficiency of a pleading for jurisdictional purposes: "Statutory provisions conditioning the right to *maintain* an action against the State should be liberally construed in favor of a claimant who is attempting to establish compliance with their terms." (*Chalmers & Son* v. *State of New York,* 271 App. Div. 699, 702, affd. 297 N. Y. 690). (Emphasis supplied.) The claims herein are sufficiently definite to comply with the terms of the statute and to state a cause of action. The factual allegations to be proved are set forth in the statute itself and incorporation of it by reference properly pleads a statutory cause of action. There can be no doubt that the State is well aware of the nature of the claims. The remaining issues of collateral estoppel and timeliness of filing of the claims raised by the State are clearly without merit. Order affirmed, with costs. Herlihy, P. J., Cooke, Sweeney, Kane and Main, JJ., concur.