## HERBERT BOWDEN *vs.* SAMUEL DERBY.

### Knox. Opinion June 16, 1903.

*Negligence. Master and Servant. Road Commissioner.*
*Public Officer. Pleading.*

The relation of master and servant is not created between a road commissioner and the men employed by him in repairing a street, although he has the right to select and discharge them, and to determine what work shall be done, and the way and manner in which it shall be done.

Sound public policy forbids that public officers should be held responsible for the negligence of those whom they are obliged to employ in the discharge of their duties in the execution of public works, when such officers are not chargeable with any want of diligence or due care on their part.

The defendant, a road commissioner, supplied to the plaintiff and other men employed by him in repairing the street a derrick as a completed appliance, to be used in doing the work in which they were engaged. While he may have been under no obligation to furnish the derrick, yet having done so he assumed the obligation towards those who were to use it of exercising reasonable care to see that it was safe and suitable, and so maintained.

In the execution of public works, he who selects the place in which the work is to be done, and invites and directs the workmen who labor therein, assumes towards them the obligation of seeing that such place is reasonably safe.

See *Bowden* v. *City of Rockland*, 96 Maine, 129.

Exceptions by plaintiff. Sustained.

Action on the case for personal injuries.

At the return term, defendant filed a general demurrer to the declaration.

The presiding justice without argument, in order that the law of the case might be first settled, sustained the demurrer. To this ruling plaintiff alleged exceptions.

The case is fully stated in the opinion.

*C. E. and A. S. Littlefield,* for plaintiff.

*D. N. Mortland,* for defendant.

A street commissioner or superintendent of streets is a public officer. Such obligations as rest, to an extent, upon employers to

their employees, do not apply to public officers in the discharge of public duties. *Prince* v. *Lynn,* 149 Mass. 193.

The plaintiff was not in the employ of defendant but in the employ of the city. Unless defendant injured plaintiff by some malfeasance or misfeasance individually and aside from the discharge of his duties as a public officer, he cannot be held liable. The doctrine of respondeat superior does not apply here.

The declaration charges defendant simply with a non-feasance in failing to do what the declaration states to be his duty as street commissioner or highway surveyor, but which is not required by statute law. Defendant is charged with failing to do what the law does not require him to do.

SITTING: WISWELL, C. J., EMERY, STROUT, POWERS, PEABODY, SPEAR, JJ.

POWERS, J. Exceptions to a pro forma ruling of the presiding justice sustaining a demurrer to the plaintiff's declaration.

The declaration alleges "that on the sixth day of August A. D. 1900, the defendant was, and for a long time prior thereto had been, the duly elected and qualified street or road commissioner of the City of Rockland and received from said city for the performance of his duties as such a salary of eight hundred dollars per year; and having prior to said date, in performance of his said duties as road commissioner determined that repairs were necessary upon a certain street in said city, known as Maverick Street, and having determined to build a retaining wall in repairing said street, said defendant undertook to construct and was constructing said retaining wall for the purpose of supporting the southerly side of said street:

"That said defendant selected and employed the workmen engaged thereon, had the power to remove and discharge them and directed what work should be done, and the way and manner in which it should be done, and procured necessary tools and machinery to be used in prosecuting said work, and had full charge and power over and control thereof, and of all details entering into said work;

"That the plaintiff was employed as a laborer on said work, and

during all the time he worked upon said wall, was under the direction and control of said defendant, who was doing said work in the discharge of his duties as road commissioner.

"That in constructing said wall certain heavy rock and large stone had to be moved, handled and placed therein, for the handling of which said commissioner had procured, erected and equipped a derrick upon the bank far above the place where this plaintiff was at work and nearly on a level with said street;

"That the plaintiff knew nothing as to the sufficiency of said derrick or of its equipment and had never been near to or examined the same, but had been instructed and directed by the said defendant to work at the base of said wall and far below the level on which said derrick was erected and operated.

"That it was then and there the duty of said defendant to the men employed by him and under his control in doing said work, he having full and immediate charge, control and direction of said work, to provide a suitable and safe derrick and equipment, erect and set the same up in a suitable and safe manner and keep and maintain it in a safe and suitable condition, and to employ only suitable and careful persons in erecting and maintaining said derrick and in the prosecution of said work, and it was the duty of said defendant to this plaintiff, having undertaken to provide a derrick for use in doing said work, to provide only such derrick as was safe and suitable for the purpose, and such as was, when prepared for use upon said work, in a safe and suitable condition and such as would not endanger the employees working thereon;

"That said defendant unmindful of his duty in this behalf did not provide as plaintiff avers, a suitable and safe derrick, nor did he cause it to be set up in a suitable and safe manner, and did not cause it to be kept and maintained in a safe and suitable condition and did not employ suitable and careful persons in erecting and maintaining said derrick, and in the prosecution of said work;

"That upon the sixth day of August A. D. 1900 the plaintiff, relying upon the performance by the defendant of his duty in this behalf and being himself then and there in the exercise of due care and diligence and without any knowledge or means of knowledge

of the defective, unsuitable and unsafe condition of said derrick was at work near the base of said wall when the boom of said derrick by reason of the defective, unsuitable and unsafe condition thereof, and by reason of its being an unsuitable appliance for the work there being done, and the negligent and unsafe manner in which it had been set up for use, all of which was or by the exercise of reasonable care and skill might have been known to said defendant, and the failure of said defendant to employ suitable and careful persons to erect, maintain and operate said derrick, all of which was the result of the failure of said defendant to perform his duty aforesaid suddenly fell a great distance striking" and injuring the plaintiff.

There can be no negligence where there is no duty. Does this declaration charge the defendant with a failure to perform any duty which the facts therein averred show that he owed to the plaintiff?

While the defendant was a public officer, the work in which he was engaged was none the less ministerial. It is claimed that the relation existing between the defendant and the plaintiff was that of master and servant; and if this be the true construction of the facts set forth in the declaration, the defendant is undoubtedly liable under the well recognized principles of law applicable to that relation. In repairing the street and building the wall the defendant was acting solely for the public. He had no interest in the work other than that which arose from the discharge of his duty as a public officer. The nature of that duty was such that he could not perform it alone. It could not be executed without availing himself of the services of others. Not that he was obliged to employ any particular man or men. He had the right to select and discharge the men, the power to determine what work should be done, and the way and manner in which it should be done. None the less he was compelled to employ men who were paid not by him but by the city, who labored not for his benefit but for the public. He should not be held liable for the misconduct of those whom he is thus obliged to employ. Such employees are not his servants, and the rule of respondeat superior does not apply. *McKenna* v. *Kimball*, 145 Mass. 555. The foundation of the liability of one person for the acts and negligence of another is found in the doctrine of principal

and agent. The fact that the defendant had the right to select and discharge the men whom he was compelled to use might be a good reason why he should be holden to exercise reasonable care. in their selection, but we do not think that under the circumstances of this case it is sufficient to establish the fact that the plaintiff was the defendant's servant, and charge him with the onerous consequences which flow from that relation. Few men would be found willing to accept an office whose burdens were so disproportionate to its benefits. Sound public policy forbids that public officers should be held responsible for the negligence of those whom they are obliged to employ in the discharge of their duties in the execution of public works, when such officers are not chargeable with any want of diligence or due care on their part. *Bailey* v. *The Mayor &c. of N. Y.* 3 Hill, 531, 38 Am. Dec. 669.

The declaration charges that an unsafe and unsuitable derrick was furnished as a completed appliance for the prosecution of the work, that the place in which the plaintiff was set to work was dangerous and unsafe, and that all this was, or by the exercise of reasonable care might have been, known to the defendant. These matters pertain to the conduct of the defendant himself. The plaintiff had nothing to do with fitting up the derrick. The defendant supplied it to him as a complete appliance to be used in doing the work in which he was engaged. He had a right to rely that it was all right, that it was not subject to such defects as could be discovered by the exercise of reasonable care on the part of the defendant who furnished it. *Poor* v. *Sears,* 154 Mass. 539, 26 Am. St. Rep. 272. The defendant may have been under no obligation as road commissioner to furnish the derrick, but having done so he assumed the obligation towards those who were to use it of seeing that it was reasonably safe and suitable, and so maintained.

The defendant selected the place in which the plaintiff was to work. He invited and directed him to work there. When the defendant did this he assumed toward the plaintiff the duty of seeing that the place was reasonably safe, and he must answer for any injury suffered through his failure to perform that duty. In *Breen* v. *Field,* 157 Mass. 277, the defendants were the selectmen of the town

of Greenfield engaged in building a public sewer. They hired the plaintiff and set him to work in the bottom of the trench. He was injured through the sides of the trench falling in for want of proper support. It was held the defendants were liable, if the injury was due to any neglect on their part to take proper precautions for the plaintiff's safety. Mr. Justice Morton in delivering the opinion of the court says:

"The defendants were not bound to hire the plaintiff and set him to work in the bottom of the trench, but having done so they are liable to him for any injury which occurred to him in the course of his employment through any negligence on their part. Whether they were acting as public officers or agents, or not, could under the circumstances make no difference as to their duty to the defendant. They were bound, when they hired him to work in a particular place to see that it was reasonably safe, and that materials were furnished to make it so, and if any injury occurred to him through their neglect in these respects, they are liable. They voluntarily assumed the responsibility of setting him to do a particular kind of work in a particular place, and they cannot avoid the duty which that act imposed upon them as to him."

The dictates of humanity, and a proper regard for the lives and safety of the workmen engaged upon public no less than private works require that some one should be bound in law to furnish a reasonably safe place in which to do their work. Upon whom then does this duty rest? We think it rests upon the man who selects the place in which the work is to be done, and invites and directs the workmen to labor therein. His is the master mind. It is for him to command and the workmen to obey. He is not an insurer, but the laborer has a right to rely, whether the work be public or private, that the man who directs and selects the place, means, manner and method of his work shall use reasonable care to see that the means and the place are reasonably safe. If the defendant failed in this, it was his own fault and not that of another, and he cannot shield himself behind the defense that he was a public officer. That plea cannot be interposed to shield him from the consequences of his own negligence. While he need not answer for another he must answer

for himself.  A personal liability attaches to him for his failure to exercise reasonable care in providing safe machinery with which, and a safe place in which, the defendant might work.

In regard to the other ground claimed by the plaintiff, failure to exercise reasonable care to select the men who set up, maintained and operated the derrick, we find no sufficient allegation in the writ. The only allegation is that it was the defendant's duty to employ suitable and careful persons, and that he did not employ suitable and careful persons.  This is not enough, even from the plaintiff's stand-point.  The duty of the defendant in this respect cannot be an absolute duty to employ suitable and careful persons.  At the most he can only be liable for the want of reasonable care in this particular, and there is no allegation that he failed to exercise such care in their selection and retention.

It is further urged against the declaration that it is bad for duplicity, but this objection is not open to the defendant upon general demurrer.  The same is true of the other claims which relate to the form of the declaration.

*Exceptions sustained.    Demurrer overruled.*