JENNIE SHERLOCK, Claimant, *v.* STATE OF NEW YORK.

Claim No. B-22.

(State of New York, Court of Claims, February, 1921.)

Court of Claims — jurisdiction — banks — claims — state — Statute of Limitations — Laws of 1919, chap. 581.

> The statute (Laws of 1919, chap. 581) conferring jurisdiction upon the Court of Claims to hear, audit and determine the claims of the depositors and creditors of two certain banks against the state, for damages sustained through the failure of said banks and each of them, declares in unequivocal language that it cannot be used to create any liability, and it expressly permits the state to interpose any legal or equitable defense, except the Statute of Limitations.

> Where a claim is prosecuted under said statute upon an allegation that the failure of the banks was due to the tortious and negligent acts of the officers, agents and servants of the state, the defense that the state is not liable therefor must be given its legal effect, which is, that it is a complete answer to the claim.

CLAIM against the state for loss of deposit by failure of bank.

Court of Claims, February, 1921.     [Vol. 114.

Louis Goldstein (Max D. Steuer, Albert Conway, Robert L. Luce, Ralph E. Hemstreet, John B. White and Thomas E. Shaw), of counsel, for claimant.

John C. Judge, of counsel, for Borough Bank depositors.

John M. Zurn, of counsel, for claimants in Claims B-14 to B-19 inclusive.

Whiteside Hill, for claimant in Chesebrough claims.

Coombs & Wilson (Joseph D. Senn, of counsel), for First National Bank of Brooklyn, etc.

Fletcher & Spencer (Robert H. Wilson, of counsel), for Joseph W. Blaisdell, etc.

McLean & Hayward, counsel in similar claims.

Carey D. Davie, James Gibson, George L. Meade, Deputy Attorneys-General, for the State of New York.

ACKERSON, P. J.  The above claimant, Jennie Sherlock, was on the 5th day of April, 1910, one of the depositors of the Union Bank of Brooklyn, in the borough of Brooklyn, city of New York.  On that day the said bank failed and closed its doors, as a result of which this claimant lost all of the money she then and there had on deposit, excepting the sum of twenty-four dollars and twenty cents, which was thereafter paid to her, the loss to this claimant being the sum of ninety-six dollars and seventy-two cents.  Her claim alleges that the failure of the bank was due to the tortious and negligent acts of the officers, agents and servants of the state of New York.  Thereafter, the legislature of this state passed an act which took effect on the 12th day of May, 1919, in form and manner following, to wit:

## " Chapter 581

"An Act to confer jurisdiction upon the court of claims to hear, audit and determine the claims of the depositors and creditors of the Union Bank of Brooklyn and the Borough Bank of Brooklyn and to make an award therefor.

Became a law May 12, 1919, with the approval of the Governor.
Passed, three-fifths being present.

" *The People of the State of New York, represented in Senate and Assembly, do enact as follows:*

" Section 1. Jurisdiction is hereby conferred upon the court of claims to hear, audit and determine the claims of the depositors and creditors of the Union Bank of Brooklyn and the Borough Bank of Brooklyn, against the state of New York, for damages sustained through the failure of the said banks and each of them, and to make an award and render judgment therefor against the state of New York and in favor of said depositors.

" § 2. The banking department shall, within three months after the passage of this act, present proof to the court of claims of the amount due each depositor of said banks.

" § 3. No award shall be made or judgment rendered against the state, unless the facts proved shall make out a case which would create a liability were the same established by evidence in a court of law or equity against an individual or corporation; and in case such liability may be satisfactorily established, then the court of claims shall award to, and render judgment for the claimants for such sum as shall be just and equitable, notwithstanding the lapse of time since the accruing of damages provided the claim hereunder is filed with the court of claims within one year from the time this act takes effect, provided, however, that nothing in this act nor the passage of the

Court of Claims, February, 1921. [Vol. 114.

same shall be deemed or construed to have acknowledged or created any liability on the part of the state, nor shall the passage of this act be construed as debarring the state from interposing any legal or equitable defense which it would otherwise have against the alleged claims except the statute of limitations.

" § 4. This act shall take effect immediately."

Under and by virtue of this statute, the claimant filed her claim with the Court of Claims on the 2d day of April, 1920. Thereafter and on the 14th day of December, 1920, at a Special Term of this court held in the Kings county court house, in the borough of Brooklyn, aforesaid, the attorney-general moved to dismiss the claim on the following grounds:

" *First.* That said claim filed as aforesaid fails to state facts sufficient to constitute a cause of action against the State of New York.

" *Second.* That the State is immune from liability for any loss or damage sustained through or in consequence of the negligence, carelessness, malfeasance or other tortious acts of its officers, agents or employees.

" *Third.* That the State is immune from damages occasioned or arising out of the performance of a governmental function.

" *Fourth.* That the State has not assumed liability for damages caused by or arising out of the facts or transactions alleged and set forth in said claim, and has not waived any of its defenses to said claim other than the defense of the short statute of limitations, in consequence of the failure of the claimant to file a notice of intention herein as prescribed by section 264 of the Code of Civil Procedure."

The legislature must have supposed when it passed

this act, that the act, in connection with the existing law as it had been construed and declared by the courts at that time, was a sufficient authorization to enable the claimant herein to recover damages against the state for the causes set forth in the claim, provided the negligent and tortious acts of the officers, agents and servants of the state as therein set forth could be proven to the satisfaction of the court, and provided that the amount of damages therein alleged to have been suffered could be properly established by legal evidence. This is to be assumed because the act itself provides in the 3d section thereof, " that nothing in this act nor the passage of the same shall be deemed or construed to have acknowledged or created any liability on the part of the state, nor shall the passage of this act be construed as debarring the state from interposing any legal or equitable defense which it would otherwise have against the alleged claims except the statute of limitations."

However, the Court of Appeals, on the 6th day of January, 1920, in the case of *Smith* v. *State of New York*, 227 N. Y. 405, declared the law of the state in relation to the principle with which we are concerned, in the following language:

" The question presented by the appeal is an important one. It is whether the immunity of the state from liability for the tortious acts of its officers and agents has been waived by section 264 of the Code of Civil Procedure. * * *

" The rule is well settled that the state is not liable for injuries arising from the negligence of its officers and agents unless such liability has been assumed by constitutional or legislative enactment." P. 408.

" It is contended by the respondent, and he has been sustained by the Court of Claims and Appellate Division, that the state has assumed this obligation

by the enactment of the section of the Code of Civil Procedure to which reference has been made. I am of the opinion the section does not bear such construction. It was not enacted, as it seems to me, for the purpose of extending or enlarging the liability of the state, but solely for the purpose of declaring the jurisdiction of the Court of Claims, before which questions of liability might be tried.'' P. 409.

'' But it is thoroughly established that by consenting to be sued, the state waives its immunity from action and nothing more. It does not thereby concede its liability in favor of the claimant or create a cause of action in his favor which did not theretofore exist. It merely gives a remedy to enforce a liability and submits itself to the jurisdiction of the court, subject to its right to interpose any lawful defense. (*Roberts* v. *State of New York,* 160 N. Y. 217.) Immunity from an action is one thing. Immunity from liability for the torts of its officers and agents is another. Immunity from such liability may be waived by some positive enactment of the legislature. This, as I read the section of the Code under consideration, the legislature has not yet done.'' Pp. 409, 410.

'' * * * There certainly is not in the section an express waiver of the state's immunity from liability for the tortious acts of its officers and agents and the words used will not, in my opinion, permit of such construction. * * * The immunity of the state from liability for the torts of its agents is based, as I have already indicated, upon the broad ground of public policy and it is not waived by a statute conferring jurisdiction only. In the absence of a legislative enactment specifically waiving this immunity, the state cannot be subjected to a liability therefor.'' P. 410.

It has been argued that the legislature by the first

part of chapter 581 of the Laws of 1919 specifically waived the immunity of the state from liability. But the act must be read as a whole, and the court is obliged to give effect to the latter part of the statute as well as to the preceding part. Whatever construction may be given to the language in the first part of the statute, only one meaning can be given to the following provision: " Provided, however, that nothing in this act nor the passage of the same shall be deemed or construed to have acknowledged or created any liability on the part of the state, nor shall the passage of this act be construed as debarring the state from interposing any legal or equitable defense which it would otherwise have against the alleged claims except the statute of limitations."

This language is clear and unambiguous and admits of no other interpretation on the part of the court. It must prevail over any construction of the previous sentences which conflict with it. It speaks for itself. It does two things:

*First.* It expressly forbids the court from construing the act as creating any liability on the part of the state. It is admitted that under the law as declared by the Court of Appeals in *Smith* v. *State, supra,* there was no liability before this act was passed; there is none thereafter, because the statute says in unequivocal language that it cannot be used to create any liability.

*Second.* It expressly permits the state to interpose any legal or equitable defense except the Statute of Limitations. Therefore, the defense that the state is not liable for the tortious acts of its officers, agents and servants, has not been waived, and we find the state in this proceeding vigorously urging it. The state is only doing that which the statute in express and unequivocal terms gives it the right to do, and

the court must give this defense its legal effect, which is, that it is a complete answer to this claim.

We may say, however, in all fairness to the legislature which enacted chapter 581 of the Laws of 1919, and in explanation of its action, that as the decisions of this state existed when that act was passed, said act would have been sufficient to permit this claimant to have her claim heard and considered on its merits before the Court of Claims of this state, because at that time section 264 of the Code of Civil Procedure had been construed by the Appellate Division in the third department of this state as being sufficient authority to enable the Court of Claims to make an award to a claimant for damages alleged to have been suffered through the negligent and tortious acts of the officers, agents and servants of the state. The Hon. Irving G. Vann, formerly a judge of the Court of Appeals of this state, acting as an official referee, decided the case of *Arnold* v. *State of New York* in favor of the claimant. The case was appealed to the Appellate Division in the third department, in which the judgment given by Judge Vann was unanimously affirmed on the opinion of the referee. *Arnold* v. *State of New York,* 163 App. Div. 253, 261. The opinion thus unanimously indorsed by the Appellate Division contained this language: "While the State, being a sovereign, cannot be sued by a subject without its consent, by one of its own statutes passed as an act of justice to its subjects it has expressly assumed liability for damages caused by ' a wrongful act, neglect or default ' on its part and has authorized the Board of Claims to hear and determine all claims founded on its negligence, which necessarily means the negligence of its own officers acting within the apparent scope of their powers, or while engaged in conducting its business. (Code Civ. Proc. § 264.)

It has also provided that its liability in such and other cases shall be measured by ' such legal evidence as would establish liability against an individual or corporation in a court of law or equity.' (Id.)

" The history of legislation on the subject shows progressive growth from 1870 to 1911, with continuous enlargement of power to determine claims against the State. If the language of the statute fails to include such claims as those now under consideration, it is difficult to see what language would. The officers of the State are like the officers of a corporation and bind the State in the same manner by acts done within the limits of their authority. While the Commissioners were not authorized to be negligent any more than the officers of a corporation are so authorized, still they had the capacity to be negligent, and if, in holding a fair for the State they were negligent, it was the negligence of the State just as the negligence of officers of a corporation is the negligence of such corporation. Otherwise the assumption of liability by the State for damages caused by ' a wrongful act, neglect or default on the part of the State ' would be meaningless and without effect. How can the State be guilty of a wrongful act, neglect or default except through its ' officers and employees,' and if those words were inserted in the statute it would not add to its meaning. (*Sipple* v. *State,* 99 N. Y. 284, 288.) The evidence of negligence in these cases would completely overwhelm a private individual or corporation, and the situation is the same in principle, although the State is defendant. (*Quayle* v. *State of New York,* 192 N. Y. 47, 51; *Bowen* v. *State of New York,* 108 id. 166; *Burks* v. *State of New York,* 13 Court of Claims, 153; less fully reported, *sub nom. Burke* v. *State of New York,* 64 Misc. Rep. 558.)" Also see

Judge Rodenbeck's opinion in the case of *Burks* v. *State of New York*, 13 Court of Claims Rep. 153.

Such having been. declared to be the law of this state, the legislature was fully warranted, on the 12th day of May, 1919, in assuming that the act in question was fully adequate to permit this claimant to be heard before the Court of Claims and to have her claim decided upon its merits, because the only act necessary by the legislature was to waive the Statute of Limitations, and section 264 of the Code of Civil Procedure, under the decision in *Arnold* v. *State of New York, supra,* did the rest.

But, as before stated, the decision of the Court of Appeals, in *Smith* v. *State of New York, supra,* decided on the 6th day of January, 1920, about eight months after the passage of the enabling act, determined that such was not the law. This claim, therefore, must be dismissed. The Court of Claims cannot consider the merits under the enabling act in this case.

Cunningham, J., concurs.

Claim dismissed.