JENNIE SHERLOCK, Appellant, *v.* THE STATE OF NEW YORK, Respondent.

Third Department, November 23, 1921.

State — claim against State for loss suffered by depositor of bank from torts of bank officials and officials of State Banking Department — failure of enabling act (Laws of 1919, chap. 581), conferring jurisdiction on Court of Claims to hear claims of and make award to depositors of bank, to acknowledge or create liability, bars recovery.

A claim against the State made by a depositor of the Union Bank and the Borough Bank of Brooklyn based on the tortious acts of the bank officials and of the officials of the State Banking Department is not enforcible under an enabling act (Laws of 1919, chap. 581) conferring jurisdiction on the Court of Claims to " hear," " determine," and " make an award " in the case of depositors of the Union Bank and the Borough Bank of Brooklyn " for damages sustained through the failure of the said banks and each of them," since the act fails to distinguish between the torts of the bank officials for which the State would not be liable and the torts of the officials of the State Banking Department for which it might make itself liable. Furthermore, the State, in the absence of special enactment, is never liable for the tortious acts of its officers, and it did not by said act recognize, create or assume any liability, but it was distinctly provided " that nothing in this act nor the passage of the same shall be deemed or construed to have acknowledged or created any liability on the part of the State, nor shall the passage of this act be construed as debarring the State from interposing any legal or equitable defense which it would otherwise have against the alleged claims except the Statute of Limitations."

APPEAL by the claimant, Jennie Sherlock, from a judgment of the Court of Claims in favor of the defendant, entered in the office of the clerk of said court on the 3d day of March, 1921, and also from an order entered in said clerk's office on the 1st day of February, 1921, dismissing claimant's claim.

*Louis Goldstein* [*Max D. Steuer, Robert L. Luce, Ralph E. Hemstreet, John B. White* and *Thomas A. Shaw* of counsel], for the appellant.

*Charles D. Newton,* Attorney-General, and *Carey D. Davie,* Deputy Attorney-General, for the respondent.

H. T. KELLOGG, J.:

The claimant alleges that she was a depositor in the Union Bank of Brooklyn; that the bank was a domestic corporation; that it was subject to supervision, examination and control by the State Banking Department; that the bank became insolvent; that through such insolvency claimant lost the moneys deposited by her; that the directors of said bank were guilty of neglect of duty, wrongful acts and crimes set forth in detail; that the officials of the State Banking Department participated in or were privy to the commission of many of such wrongful acts; that these officials were themselves guilty of neglect of duty and positive wrong in connection with the examination and supervision of the bank; that they published statements concerning the solvency of the bank which were false and known to them to be false; that the various omissions and wrongs committed by the officers of the bank and by the officials of the State Banking Department were the cause of the losses occasioned claimant. It is alleged that such losses accrued to the claimant in the year 1908; that in the year 1919 the Legislature of the State of New York, by chapter 581 of the laws of that year, conferred jurisdiction upon the Court of Claims to hear claims made by the depositors of the Union Bank for losses sustained and to make awards against the State therefor. The Court of Claims, having heard this claim, dismissed it on the ground that the allegations made failed to disclose that it was enforcible against the State.* From the judgment of dismissal this appeal is taken.

It is familiar law that the provisions of section 264 of the Code of Civil Procedure constitute a universal waiver of the State's immunity from suit (*People ex rel. Swift* v. *Luce,* 204 N. Y. 478); that in cases of claims, such as those founded upon breaches of contracts by the State, where for violations of legal obligations the State is liable independently of statutes (*Coster* v. *Mayor of Albany,* 43 id. 407; *Quayle* v. *State of New York,* 192 id. 47), this waiver alone operates to make the claims enforcible (*People ex rel. Swift* v. *Luce, supra*); that the State without special enactment is never liable for the torts of its officers or agents (*Lewis* v. *State,* 96 N. Y. 71; *Litchfield* v.

---

* 114 Misc. Rep. 491.— [REP.

*Bond,* 186 id. 66; *Smith* v. *State of New York,* 227 id. 405); that the provisions of section 264 create no liability in tort or other cases where independently thereof a legal liability does not exist (*Smith* v. *State of New York, supra*). It is equally familiar that claims, having the sanction of honor and justice though not of law, whether sounding in tort or otherwise, may be made enforcible by special legislation. (*Cole* v. *State of New York,* 102 N. Y. 48; *O'Hara* v. *State of New York,* 112 id. 146; *Sipple* v. *State,* 99 id. 284; *Splittorf* v. *State of New York,* 108 id. 205; *Quayle* v. *State of New York,* 192 id. 47; *Wheeler* v. *State of New York,* 190 id. 406; *Munro* v. *State of New York,* 223 id. 208.) Manifestly the principle of law necessary to a recovery in such cases, whether it be in tort claims the legal principle of *respondeat superior,* or in other cases an honorable duty converted into a legal obligation, must be legislated into being by the State itself, and may not be evolved by the Court of Claims under powers attempted to be delegated to it. That the legislative function in reference to such claims is to *recognize* the duty and *create* the principle of legal liability upon which a recovery may be had is made clear by the cases cited. It was said in the *Cole* case that the Legislature might " *recognize* obligations which are meritorious and honorary," and " *create* liabilities not before existing." It was said in the *O'Hara* case: " Although such acts constituted no legal claim against the State, and could not be enforced in an action of law, they formed, in justice and right, irresistible claims upon its honor, and are, we think, within the power of the Legislature to *legalize,* and, when authorized and approved by legal tribunals, within its power to provide for and pay." It was said in the *Sipple* case: " It must be conceded that the State can be made liable for injuries arising from the negligence of its agents or servants, only by force of some positive statute *assuming such liability.*" It was said in the *Splittorf* case that the State is not liable for the torts of its agents " except where it has by voluntary legislative enactment *assumed such liability.*" It was said in the *Wheeler* case that the Legislature had power " to *legalize* and *validate* a claim supported by a moral obligation;" in the *Quayle* case that the Legislature " may *recognize* or refuse to recognize " moral obligations " at its pleasure;" in

the *Munro* case that it is "not prevented from *recognizing* claims founded on equity and justice." By the special enactment relied upon in the case at bar the Legislature did no more than to confer jurisdiction upon the Court of Claims to "hear," "determine," and "make an award" in the case of the depositors of the Union Bank and the Borough Bank of Brooklyn "for damages sustained through the failure of the said banks and each of them." No recitation is made of any facts relating to the failures from which it may be gathered that they were due to the commission of torts whether on the part of bank officials or State officials; no moral obligation on the part of the State for such failures is hinted at or suggested; no obligation is "recognized" expressly or inferentially; no principle of recovery is declared; no liability expressly or impliedly is "created" or "assumed." The claimant in the case has expressly asserted that the failures were caused by (1) the torts of bank officials, and (2) the torts of officials of the State Banking Department. For the former the State would not be liable upon any theory of honor and justice, and, therefore, could not be made liable by express legislation. (Const. art. 8, § 9; *Lehigh Valley R. R. Co.* v. *Canal Board*, 204 N. Y. 474.) We may grant, for the sake of the argument, that for the latter the State might have been made liable. The difficulty is that the Legislature in the enactment in question failed to make distinction between the torts of the one set of officers for whose acts it might in honor be bound, and the torts of another set for whose acts it could not in honor or in law be bound. Consequently, it has made it impossible for a court to determine whether its action is constitutional as a recognition of moral obligations or unconstitutional as an attempted recognition of claims having no such sanction. (*Wheeler* v. *State of New York, supra.*) It is my individual view that for this reason the State has not made such a recognition of these claims as is required to make them effective. However, the enactment contains further words which make this conclusion inevitable. The 3d section of the act, after providing for liability upon such proof only as would make liable an individual or corporation, concludes with this provision: "Provided, however, that nothing in this act nor

the passage of the same shall be deemed or construed to have *acknowledged* or *created* any liability on the part of the State, nor shall the passage of this act be construed as debarring the State from interposing any legal or equitable defense which it would otherwise have against the alleged claims except the Statute of Limitations." If the State has not " *acknowledged* or *created* any liability " then under the authorities cited no liability now exists. The use of these words, so often employed by the courts, as already shown, is significant, and conclusively establishes that the Legislature understood its power under the law to make moral claims enforcible, and positively declined to exercise it. It is said that this conclusion makes the enactment wholly ineffectual for any purpose. It is no part of our duty to impart vigor to legislation which its authors have denied to it by language which is incapable of misunderstanding. We, therefore, hold that the claim under consideration is unenforcible.

The judgment should be affirmed, with costs.

Present — JOHN M. KELLOGG, P. J., COCHRANE, H. T. KELLOGG, KILEY and VAN KIRK, JJ.

Judgment unanimously affirmed, with costs.