Neil MACKAY

v.

**Richard S. LOWE, President Judge; Joseph Smyth, District Attorney; John Doe I, Assistant District Attorney; Alan Josel, Chief Public Defender; Gary R. Egoville, Assistant Public Defender.**

Civ. A. No. 81-4710.

United States District Court,
E. D. Pennsylvania.

Jan. 8, 1982.

Neil Mackay, pro se.

MEMORANDUM

JOSEPH S. LORD, III, Chief Judge.

In this section 1983 action, plaintiff attacks the validity of certain state court

---

criminal proceedings which resulted in his conviction. Specifically, plaintiff alleges that defendant trial Judge Lowe improperly admitted irrelevant evidence at plaintiff's trial. Further, plaintiff alleges that defendant Assistant District Attorney John Doe I violated his constitutional rights by offering irrelevant evidence at plaintiff's trial. Finally, plaintiff bases his claim for liability against defendant District Attorney Joseph Smyth and defendant Chief Public Defender Josel on the principle of *respondeat superior.*

Magistrate Powers has recommended that I grant leave to plaintiff to proceed *in forma pauperis,* but that I then dismiss plaintiff's complaint on the grounds that all defendants are absolutely immune from liability under section 1983. *See Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976) (prosecutors are absolutely immune from liability under section 1983); *Bradley v. Fisher,* 80 U.S. (13 Wall.) 335, 20 L.Ed. 646 (1872) (judges are absolutely immune from liability under section 1983); *Ross v. Meagan,* 638 F.2d 646, 648–49 (3d Cir. 1981) (prosecutors and public defenders are absolutely immune from liability under section 1983). The Magistrate also noted, however, that plaintiff's claims based on the principle of *respondeat superior* were "without merit" citing *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

■ Although I agree with the ultimate result proposed by Magistrate Powers, I write this memorandum opinion to pinpoint two important differences in reasoning upon which my decision is based. First, I hold that plaintiff's claims against defendant Public Defender Egoville must be dismissed not because public defenders are absolutely immune from liability under section 1983, but rather because public defenders do "not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dod-*

*son,* —— U.S. ——, ——, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981).[1]

■ Second, and most critically, I write this memorandum to highlight what appears to me to be a growing misapprehension of the role of the doctrine of *respondeat superior* in section 1983 actions. Although Magistrate Powers is correct in writing that none of the defendants in this action can be held responsible on the basis of the doctrine of *respondeat superior,* his citation of *Monell* for that proposition is unnecessary.

The issue whether liability under section 1983 can be imposed through the doctrine of *respondeat superior* has a confused and often misunderstood history. An absolute precondition to the maintenance of any *respondeat superior* action is the existence of a master-servant relationship. Many cases involving the alleged liability of supervisors for the torts of lower-echelon employees, including the report and recommendation in the instant case, cite *Monell* in support of the holding that the doctrine of *respondeat superior* cannot be applied to impose liability under section 1983.

Yet, *Monell* has no application whatsoever in the context of supervisory liability cases. As all courts that have analyzed this issue have recognized, imposition of vicarious liability on supervisory officials for allegedly unconstitutional acts by their subordinates "is inappropriate because supervisors and their subordinates are fellow servants of the same master-employer . . . and thus the master-servant relationship, a prerequisite for vicarious liability, is lacking between these individuals." *Santiago v. City of Philadelphia,* 435 F.Supp. 136, 148 (E.D.Pa.1977). *Accord, e.g., Goode v. Rizzo,* 506 F.2d 542, 550 (3d Cir. 1974), *rev'd on other grounds,* 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); *Jennings v. Davis,* 476 F.2d 1271, 1275 (8th Cir. 1973); *Carter v. Carlson,* 447 F.2d 358, 367, 367 n.24, 370 n.39 (1971), *rev'd on other grounds sub nom., District of Columbia v. Carter,* 409 U.S. 418,

---

1. Of course, Magistrate Powers could not have been aware of the Supreme Court's December 14, 1981 decision in *Polk County* when he draft-ed his report and recommendation on November 30, 1981.

93 S.Ct. 602, 34 L.Ed.2d 613 (1973); *Norton v. McKeon*, 444 F.Supp. 384, 386 (E.D.Pa. 1977), *aff'd*, 601 F.2d 575 (3d Cir. 1979); *Krier v. Amodio*, 441 F.Supp. 181, 183 (E.D. Pa.1977); *Delaney v. Dias*, 415 F.Supp. 1351, 1354–55 (D.Mass.1976). *See also Robertson v. Sichel*, 127 U.S. 507, 8 S.Ct. 1286, 32 L.Ed. 203 (1888); *Bowden v. Derby*, 97 Me. 536, 55 A. 417 (1903); *Dowler v. Johnson*, 225 N.Y. 39, 121 N.E. 487 (1918).

For the reasons stated in this memorandum, I therefore adopt the recommendations of the Magistrate.