Affirmed and Opinion filed April 21, 2005









Affirmed and Opinion filed April 21, 2005.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-00129-CV

_______________

 

COLUMBUS INDEPENDENT
SCHOOL DISTRICT, Appellant

 

V.

 

FIVE OAKS
ACHIEVEMENT CENTER, Appellee

____________________________________________________________________

 

On Appeal from the County Court at Law

Austin County, Texas

Trial Court Cause No. 03CV3724

____________________________________________________________________

 

O P I N I O N

 








In
this accelerated interlocutory appeal,[1]
Columbus Independent School District (ACISD@) appeals the denial of its plea to
the jurisdiction on the grounds that: (1) Texas Education Code section 11.151
does not provide a waiver of its immunity from suit; (2) a school district
cannot waive such immunity by conduct; and (3) Five Oaks Achievement Center (AFive Oaks@) did not adequately exhaust its
administrative remedies before filing suit. We affirm.

Background

Five Oaks sued CISD to collect payments allegedly due on a contract
to provide special education services. 
CISD filed a plea to the jurisdiction, claiming immunity from suit and
failure to exhaust administrative remedies, which the trial court denied.

Immunity from Suit

Governmental
immunity provides immunity from suit to subdivisions of a state, including
school districts.  Harris County v.
Sykes, 136 S.W.3d 635, 638 (Tex. 2004). 
When a governmental unit contracts with a private party, it thereby
waives immunity from liability, but not immunity from suit.  Catalina Dev., Inc. v. County of El Paso,
121 S.W.3d 704, 705 (Tex. 2003).  As
applicable to this case,[2]
immunity from suit can be waived only by a constitutional provision or
legislative enactment that is expressed in clear and unambiguous language.  Wichita Falls Hosp. v. Taylor, 106
S.W.3d 692, 695B96 (Tex. 2003).  A
party suing a governmental entity must establish the State=s waiver of immunity from suit.  Tex. Dep=t of Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999).  A trial court=s ruling on a plea to the
jurisdiction based on immunity from suit is reviewed de novo.  Tex. Natural Res. Conservation Comm=n v. IT-Davy, 74 S.W.3d 849, 855 (Tex.  2002).

The
statute upon which Five Oaks relies to provide a waiver of CISD=s immunity from suit is section
11.151 of the Texas Education Code (“section 11.151”):

The trustees of an independent school district
constitute a body corporate and in the name of the district may acquire and
hold real and personal property, sue and be sued, and receive bequests
and donations or other moneys or funds coming legally into their hands.

 








Tex. Educ. Code Ann. ' 11.151 (Vernon Supp. 2004-05)
(emphasis added).  In Missouri Pacific,
the Texas Supreme Court (the ACourt@) held that a statute similarly authorizing navigation
districts to Asue and be sued@ was a Ageneral consent for [the] District to
be sued in the courts of Texas in the same manner as other defendants@ and that the District was therefore
a Apolitical subdivision that is always
subject to suit by virtue of a general statute  . . . .@ 
Mo. Pac. R.R. Co. v. Brownsville Navigation Dist., 453 S.W.2d
812, 813B14 (Tex. 1970).  Based on this conclusion, the Court reversed
the decisions of the lower courts that had granted the district=s plea to the jurisdiction based on
immunity from suit.  Id. at 814.








Thereafter,
the Legislature added section 311.034 to the Government Code, providing, AIn order to preserve the legislature=s interest in managing state fiscal
matters through the appropriations process, a statute shall not be construed as
a waiver of sovereign immunity unless the waiver is effected by clear and
unambiguous language.@  Tex. Gov=t Code Ann. ' 311.034 (Vernon Supp. 2004).  However, rather than effecting a change in
the law, this provision merely ratified the standard that the Court had
previously recognized to be well-established since at least 1942.[3]  In addition, the Court has since acknowledged
that Asue and be sued@ language at least arguably shows
intent to waive immunity from suits (against counties),[4]
and that Awe have little difficulty recognizing
the Legislature=s intent to waive immunity from suit when a statute provides
that a state entity may be sued or[5]
that >sovereign immunity to suit is waived.=@  Wichita Falls State Hosp., 106 S.W.3d at
696-97 (emphasis added).  Based on these
considerations, and particularly that the Court has not since overturned or
limited its holding in Missouri Pacific, we are not at liberty to depart
from its holding that Asue and be sued@ language, such as in section 11.151,
is a clear and unambiguous waiver of immunity from suit.  Therefore, we overrule CISD=s first issue and need not address
its second issue, challenging any finding of waiver of immunity by conduct.

Exhaustion of Administrative Remedies

CISD=s third issue contends that the trial
court lacked jurisdiction because Five Oaks failed to exhaust its
administrative remedies before filing suit on its claims.  As authority for this position, CISD relies
on section 7.057 of the Texas Education Code (the ACode@), which provides, with exceptions
not applicable here, that Aa person may appeal in writing to the commissioner if the
person is aggrieved by: (1) the school laws of this state; or (2) actions or
decisions of any school district board of trustees that violate: (A) the school
laws of this state . . . .@  Tex. Educ. Code Ann. ' 7.057(a)(1), (2)(A) (Vernon Supp.
2004-05).  For this purpose, Aschool laws of this state@ means Titles 1 and 2 of the Code and
rules adopted thereunder.  Id. ' 7.057(f)(2).

District
courts have general subject matter jurisdiction over disputes absent a showing
to the contrary, such as that Texas law vests exclusive jurisdiction over a
matter in an administrative agency.  In
re Entergy Corp., 142 S.W.3d 316, 322 (Tex. 2004).  A state agency, such as the Texas Education
Agency (the ATEA@), has exclusive jurisdiction where
the Legislature has provided a pervasive regulatory scheme that is intended to
be the exclusive means of remedying the problem to which the regulation is
addressed.  Id.








The
predecessor statute to the Code provided, among other things, that A[t]he State Superintendent shall be
charged with the administration of the school laws . . . .  He shall hear and determine all appeals from
the rulings and decisions of subordinate school officers . . . .@[6] 
Based on this provision, civil courts were held to have no jurisdiction
over matters relating to the administration of school laws until resort was
first made to school authorities.  See,
e.g., Warren v. Sanger Indep. Sch. Dist., 116 Tex. 183, 288 S.W. 159, 160
(1926).  However, even then, such
exclusive jurisdiction applied only to matters placed under the supervision of
school authorities.  Id. Thus, a
suit against a school district for breach of contract to buy school equipment
was not a matter of administration of school laws that required exhausting
administrative remedies before filing suit in district court.  Spring Branch Indep. Sch. Dist. v. Metalab
Equip. Co., 381 S.W.2d 48, 48 (Tex. 1964).

The
current version of the Code no longer contains a provision charging the
Commissioner (the ACommissioner@) of the TEA (or other state official) with the
administration of school laws, but does provide, as did its predecessors, that
persons aggrieved by school laws of the State or decisions of school boards
pertaining to those laws  may appeal to
the Commissioner.  See Tex. Educ. Code Ann. ' 7.057(a).[7]  Therefore, to whatever extent any exclusive
jurisdiction remains with the Commissioner or TEA under the current Code, it
does not extend beyond issues governed by the school laws of the State, as set
forth in the Titles 1 and 2 of the Code. 
In this case, because the pleadings of the parties purport to state no
such issues, we see no basis to conclude that this lawsuit falls within any
exclusive jurisdiction of the TEA. 
Accordingly, CISD=s third issue is overruled, and the judgment of the trial
court is affirmed.

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Opinion filed April 21, 2005.

Panel consists of
Justices Yates, Edelman, and Guzman.

 











[1]           See
Tex. Civ. Prac. & Rem. Code Ann.
' 51.014(8) (Vernon Supp. 2004) (allowing interlocutory
appeal of an order denying a plea to the jurisdiction); Tex. R. App. P. 28.1 (providing that appeals allowed from
interlocutory orders are to be accelerated).





[2]           Although
not applicable to this case, immunity from suit can also be waived by a
governmental entity affirmatively asserting claims in a lawsuit.  See Reata Constr. Corp. v. City of Dallas,
__ S.W.3d __, __ (Tex. 2004).





[3]           See
Wichita Falls State Hosp., 106 S.W.3d at 696; Duhart v. State, 610
S.W.2d 740, 742 (Tex. 1980) (“It is a well-established rule that for the
Legislature to waive the State’s sovereign immunity, it must do so by clear and
unambiguous language.  Texas Prison
Board v. Cabeen, 159 S.W.2d 523 (Tex. Civ. App.CBeaumont 1942, writ ref=d).”)





[4]           Travis
County v. Pelzel & Assocs., Inc., 77 S.W.3d 246, 249-50 (Tex. 2002).





[5]           Because
of this disjunctive, we find no basis to conclude that express waivers are only
those specifically referring to a waiver of immunity.





[6]           Act of
June 8, 1949, 51st Leg., R.S., ch. 334, 1949 Tex. Gen. Laws 644, repealed by
Act of Sept. 1, 1969, 61st Leg., R.S., ch. 889, ' 2, 1969
Tex. Gen. Laws 3024.





[7]           The
Code further provides that the TEA Ashall
conduct hearings involving state school law at the direction and under the
supervision of the commissioner.@  Tex
Educ. Code Ann. ' 7.021(a)(3)(Vernon Supp. 2004-05).